Argued February 1, reversed and remanded March 9, 1966

# STATE OF OREGON *v.* RODERICK

412 P. 2d 17

*Nathan J. Ail,* Portland, argued the cause and filed a brief for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

LUSK, J.

Defendant appeals from a judgment of conviction of assault and robbery, being armed with a dangerous weapon.

The principal question arises on the court's denial

of defendant's motion to suppress the use as evidence of a .45-caliber pistol and clip taken from an automobile in the course of what is claimed to be an illegal search and seizure. No search warrant had been issued. The motion was filed and a hearing held thereon prior to trial.

The facts adduced at this hearing are as follows: On September 17, 1964, the Portland police, having been informed that the defendant was wanted by the Idaho authorities, put in a telephone call to the Idaho Identification Bureau and were advised that the defendant was wanted in Idaho as a fugitive from Idaho on an escape charge. The escape was from the county jail. There is no definite evidence as to the charge on which the defendant was incarcerated. Police Officer Saling, who listened to the telephone conversation over an extension, testified that it was "about some type of check or forgery." At this time the Portland police had information that the defendant was involved in "some of our local holdups" and they had a "mug photo" of the defendant, the number of which corresponded to the number given them by the Idaho police. So far as the evidence discloses, the Portland police were not advised that a warrant had been issued in Idaho for the defendant's arrest.

About two hours after the telephone call Saling, accompanied by three other policemen, arrested the defendant in Portland. They had received information, the source of which is not disclosed, that the defendant would be in a "particular vehicle" at a particular time and place. The police, having previously viewed the defendant's photograph, drove to the neighborhood indicated by their informer and parked about a half block from a parked car, which they took

to be the car they were looking for. This car started up and was driven toward the police car. Saling testified that as it came even with the police car they recognized the defendant. The police car followed the other car and stopped it. The defendant was riding in the front seat between the driver and another man. Saling ordered the defendant out of the car and informed him that he was wanted in Idaho, "that they did have this outstanding warrant for him as an escapee." Saling then placed the defendant in the police car and "hung onto him real close" as they had "received information that Mr. Roderick was very possibly armed." Besides the Portland police, two Multnomah County deputy sheriffs were on the scene. Immediately after the arrest of the defendant, a deputy sheriff looked under the front seat of the car in which the defendant had been riding, and, with the aid of a flashlight, it then being dark, discovered on the floor on the rider's side the pistol, the evidence of which defendant seeks to suppress. There was a live shell in the chamber and three shells were in the clip.

On the trial the state proved that on September 15, 1964, the defendant held up at gunpoint and robbed Paul Davis, an attendant at a service station in Portland. The defendant was armed with a pistol and the evidence that it was the same pistol recovered in the search was sufficient to go to the jury. Over the objection of defendant the pistol and the clip were received in evidence.

■ The state contends that the search was made as an incident to a lawful arrest and was therefore lawful. "The notable exception to the demand for a search warrant is, of course, the search made as an incident to a lawful arrest. [Citations.] Only if there is a law-

ful arrest, however, does this exception apply." *State v. Chinn,* 231 Or 259, 266, 373 P2d 392. On this issue the state has the burden of proof: *Priestly v. Superior Court,* 50 Cal 2d 812, 816, 330 P2d 39; 5 Am Jur 2d 714, Arrest § 24.

The authority of a peace officer in this state to arrest a person without a warrant is set forth in ORS 133.310, which provides:

"A peace officer may arrest a person without a warrant:

"(1) For a crime committed or attempted in his presence;

"(2) When the person arrested has committed a felony, although not in his presence;

"(3) When a felony has in fact been committed or a major traffic offense, as defined in subsection (5) of ORS 484.010, has been committed, and he has reasonable cause for believing the person arrested to have committed it; or

"(4) When he is notified by telegraph, telephone, radio or other mode of communication by another peace officer of any state that such peace officer holds in his hands a duly issued warrant for the arrest of such person charged with a crime committed within his jurisdiction."

■■ There is no claim that the defendant was arrested for a crime committed in the presence of the officers, but it is contended that the arrest was lawful under subsections 2, 3, and 4 of the statute. As the greatest emphasis in the state's brief is laid on subsection 4, we will consider that provision first. A prerequisite to its use as justification for the arrest in this case is that the Portland police must have been notified that an Idaho peace officer held "in his hands a duly issued warrant" for the arrest of Roderick for a crime committed in Idaho. We agree with counsel for the

state that the language "holds in his hands" is not to be given a literal interpretation. If the warrant had been issued and was available for service and the Portland police were so advised this should be sufficient. But there is no evidence of these facts. The testimony that the Portland police were told that the defendant was "wanted as a fugitive * * * on an escape charge" is not testimony that they were told that a warrant had been issued. The state's brief calls attention to the testimony of Detective Saling when asked whether he informed the defendant of the crime for which he was arrested. Saling answered: "I told him that Idaho wanted to see him, that they did have this outstanding warrant for him as an escapee and he said he didn't know from nothing." This is only evidence of what the officer said to the defendant, not of the fact that the Portland police had been notified of the issuance of such a warrant. Proof of that fact may not be left to conjecture.

The state puts forward two grounds for the legality of the arrest under subsection (3) of ORS 133.310. It is said that two felonies had been committed, namely, escape from the Idaho jail and armed robbery and the police had reasonable cause for believing the defendant had committed them.

■ Idaho Code 18-2505 provides, in pertinent part:

"Every prisoner charged with or convicted of a felony who is confined in any jail or prison including the state penitentiary for a term of less than life * * * who escapes * * * from such jail or prison * * * shall be guilty of a felony. * * *."

As we have already indicated, there is no evidence that the defendant was imprisoned in Idaho on a

felony charge or upon conviction of a felony. To avoid this difficulty, the brief of the state quotes Saling's testimony that he knew that defendant was a "felony escapee." But this conclusion of the witness, absent the statement of any fact to support it, clearly is insufficient. So much was conceded at the argument by able counsel for the state. There is no evidence that the defendant's escape from the Idaho jail was a felonious offense; hence his arrest on that charge is not justified under subsection (3) of ORS 133.310.

■ The defendant was arrested, as we have seen, for the crime of escape from an Idaho jail. Assuming, without deciding, that an unjustified arrest for a particular offense may be sustained as a lawful arrest for a totally different offense, we will consider the contention that the police had reasonable cause for believing the defendant had committed armed robbery. The only basis for suspecting the defendant of commission of that crime was information the police had received that he "was involved in some of our local holdups." Rumor of that character was held to be "practically meaningless" on a question of probable cause in *Henry v. United States,* 361 US 98, 103, 80 S Ct 168, 4 L Ed 2d 134, 139. It was not relied on in the circuit court. In fact, the testimony concerning it was brought out on cross-examination of the witness Saling.

■ It is now established law that evidence of information from a *reliable* informer is sufficient to sustain a finding of reasonable cause for an arrest: *State v. Penney,* 242 Or 470, 410 P2d 226, 228; *Draper v. United States,* 358 US 307, 79 S Ct 329, 3 L Ed 2d 327; *People v. Prewitt,* 52 Cal 2d 330, 341 P2d 1. But in this case we are not told whether the informer was known to

the police or anonymous, and the record is silent as to whether he was reliable. There is no evidence, circumstantial or otherwise, upon the subject. It is not even shown that the communication was made to Detective Saling (the only witness who testified upon the subject) or that he had personal knowledge of it. Moreover, it appears that the Portland police did not rely on the information. They put in the call to the Idaho authorities because, as Saling testified: "We understood that he was wanted through them." The officer further testified:

> "Q Isn't it true, Detective Saling, that you through an informant or through outside sources, had suspected Mr. Roderick as being a robber?
> "A Yes.
> "Q And that you were using this as an excuse for the purpose of arresting him, these conversations with Idaho and the mug shot and all that? You were looking for some reason to arrest him, weren't you?
> "A We found that he was wanted and it's our duty to at that time arrest him on whatever charge he's wanted on. Idaho had him as a felony escapee and certainly we were doing our duty in arresting him at that time."

Thus, it appears that the Portland police, though suspecting the defendant of armed robbery, lacked sufficient confidence in the information they possessed to use it either as the basis of an application for a warrant of arrest or for an arrest without a warrant on that charge. They, therefore, resorted to the expedient of communicating with the Idaho Identification Bureau in order to arm themselves with the needed authority to arrest the defendant without a warrant. This was a perfectly lawful and proper thing for them to do, but it emphasizes the weakness of the state's

position taken for the first time in this court, that there was probable cause for the arrest of the defendant for armed robbery.

■ We are brought, then, to consideration of the claim made under subsection (2) of ORS 133.310 authorizing a peace officer to arrest "[w]hen the person arrested has committed a felony, although not in his presence." So far as we have been able to ascertain, this provision has never been construed by this court and but few appellate courts seem to have considered similar provisions in the statutes on arrest in other jurisdictions. On its face, this subsection appears to justify an arrest, in the absence of probable cause, by establishing later that the person arrested has committed a felony. See Searches and Seizures in Missouri, 29 University of Kansas City Law Review 242 at 282. The Restatement of Torts 2d, sections 119 and 121, states as the common law rule that either a private person or a peace officer may arrest another for a criminal offense "if the other has committed the felony for which he is arrested." If this is the meaning of ORS 133.310 (2) then the arrest of Roderick was not legal under this provision because the defendant was not arrested for the felony of armed robbery. In 5 Am Jur 2d 716, Arrest § 25, it is said:

> "In the case of a felony, there is some authority that the actual guilt of the party arrested justified the arrest whether or not the officer had reasonable grounds to believe that a felony had been committed when he acted, and that the officer is required to show reasonable grounds only when no felony has in fact been committed. And the power to arrest without warrant one who has committed a felony, though not in the officer's presence, is sometimes stated independently of the power to arrest on probable cause."

*State v. Williams and Wann,* 328 Mo 627, 631,① 14 SW 2d 434, and *Cline v. United States,* 9 F2d 621 (9th Cir), both involving the validity of searches incidental to an arrest, appear to support the text, although, as the opinions disclose, probable cause for the arrests in each of these cases was shown. We think, however, that, whatever the rule may be when the question arises in a civil action for false arrest, malicious prosecution, or assault and battery committed in resisting arrest, the question is resolved for us in this case by *United States v. Di Re,* 332 US 581, 68 S Ct 222, 92 L Ed 210. This was a prosecution for a Federal offense— a felony—in which a search of an automobile was challenged as illegal. The government contended that the search was legal because it was incidental to lawful arrest. The court held that section 177 of the New York Code of Criminal Procedure, subsection 2 of which is identical with ORS 133.310 (2), was applicable.② The New York statute is set out in a footnote

---

① "When an officer *arrests* without a warrant no one would say that he must have probable cause supported by oath or affirmation of someone reduced to writing before he can go and make an arrest. The apprehension of criminals is slow enough without that formality. He is not necessarily justified because he believes an offense has been committed, but he *is* always justified if an offense in fact has been committed, whether he had reason to believe it or not. If a crime has *not* been committed, then he can only be justified by the existence of reasonable ground to believe that it has been committed. As applicable to this case it would not matter a particle, when the deputy sheriff made the arrest, whether reasonable ground to believe a felony had been committed was presented to his mind or not; he is justified *because the reasonable ground existed*; the crime had in fact been committed. That is a complete justification. The arrest was therefore lawful."

② Section 177, New York Code of Criminal Procedure, reads:

"A peace officer may, without a warrant, arrest a person,

"1. For a crime, committed or attempted in his presence;

(Continued on page 115)

on page 589 of 332 US. The search was held illegal because the officers acted without probable cause in making the arrest. As is disclosed by the summary of the briefs in the report of the case in 92 L Ed 210, at 212-214, the government did not rely on subsection 2 of the New York statute, but on subsection 3, which is in substantially the same language as ORS 133.310 (3) authorizing a peace officer to make an arrest without a warrant when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. Counsel for the defendant did, however, argue that the arrest and search were not justified under subsection 2 of the New York statute. The court held the search illegal because the officers acted without probable cause in making the arrest. The opinion contains no discussion of the effect to be given to subsection 2 of the New York statute, but, inasmuch as the statute was before the court in argument, the decision can be regarded as nothing less than a rejection of the notion that a search is legal as incident to an arrest for a felony merely because the person arrested, as is later established, had committed a felony.

■ To hold otherwise would sanction those unreasonable searches and seizures prohibited by the Fourth Amendment of the Constitution of the United States and Article I, Section 9, of the Constitution of Oregon, and cast doubt upon the correctness of the numerous decisions of state and Federal courts which recognize probable cause as the touchstone of the validity of

(Continued from page 114)
"2. When the person arrested has committed a felony, although not in his presence;

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it;".

a search made as an incident to an arrest for a known felony. It would also run counter to the principle underlying the rule that an unlawful search is not made lawful by the evidence of crime which it brings to light: *State v. Chinn*, supra, 231 Or at 265. See *Nueslein v. District of Columbia*, 115 F2d 690, 694 (DC Cir); *Worthington v. United States*, 166 F2d 557, 566-567 (6th Cir).

We conclude that the search was illegal because the arrest was illegal. There was no showing of probable cause to arrest the defendant as a known felon. If there was evidence available to bring the case within the fourth section of ORS 133.310, it was not produced at the hearing of the motion to suppress, so that on this record the effort to sustain the arrest of the defendant as a fugitive escapee failed. It was error, therefore, to deny the motion to suppress and to admit in evidence the pistol recovered in the search.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.