Argued November 2, reversed and remanded December 13, 1967

# STATE OF OREGON, *Respondent, v.* JANET ADELE JONES, *Appellant.*

435 P. 2d 317

*Hattie Bratzel Kremen,* Salem, argued the cause and filed the briefs for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

WOODRICH, J. (Pro Tempore).

Defendant was convicted of burglarizing the Burkland residence in Salem, Oregon. Two fur stoles and a bowling bag were stolen from the locked residence. The case was tried by the court without a jury. Defendant contends that her confession was the product of an illegal arrest and as such was erroneously admitted into evidence.

The arrest was made without warrant. Defendant, age 19, occupied a room at the Holiday Inn Motel in Salem, Oregon. Sometime between 8:15 a.m., and 9:00 a.m., March 30, 1966, two Salem police officers and the motel manager entered defendant's room. There is a dispute as to whether the officers knocked prior to entering the room. However, it is clear that permission was not obtained prior to entry. The officers did not announce their office or purpose before entering defendant's motel room. The defendant insisted that the officers and manager leave the room which request was refused. She was in bed and was only partially clad when the entry was made into the room by the three men. The evidence does not disclose why the officers entered the room other than a statement attributed to the motel manager that they were "there on an investigation of a stolen credit card." Two young men and another young woman were in the motel room. Weapons were found there. The defendant was arrested shortly before 9:00 a.m. In the process of arresting the defendant and her three companions, a substantial scuffle ensued. Three additional policemen were called, making a total of five officers in all. Defendant's male friend was superficially injured in the scuffle. Defendant sought to aid her male friend. Defendant was thrown to the ground outside the motel, handcuffed, and taken to the police station in a police vehicle. The officers did not learn of the burglary in question until 10:00 a.m., that day, one hour after the arrest. Immediately after the arrest Officer Olson testified that the defendant was upset and crying off and on. In response to a question as to whether defendant was hysterical, he stated, "Well, I don't know exactly, hysterical, what the definition of hysterical—I would describe her as being wild."

About 10:30 a.m., the same day, defendant admitted on interrogation at the police station by Officer Olson that she was present at the burglary. He testified, "She said 'yes.' * * * After advising her of her rights, finding out her true name, age, I advised her that Ron Vernon had told me that her and Mark had gone to the Burkland residence and burglarized the same and taken some furs and asked her if she was—what her part in this was, and she said, 'Well, I was there' * * *." Officer Olson also testified that at 1:50 p.m., the same day in an interview with the defendant in the Marion County jail, "She stated that Mark, herself and Ron went to this house and placed two fur stoles in a bowling bag and after leaving, went back to a grocery store on Commercial Street and from there the three of them took a taxicab back to a restaurant near the Holiday Inn."

The trial court found that the defendant had been advised of her rights prior to the making of defendant's statements and that the statements were given voluntarily. Defendant had not been before a magistrate, nor did she have counsel at the time of making the statements. The evidence is conflicting on whether she requested counsel prior to making the above statements. Defendant moved in advance of trial to suppress the confession and objected to its admission during trial. The motion was denied and the objection was overruled. Defendant's contention, among others, is that her arrest was illegal and that her confession was a product of this illegal arrest.

▇ If evidence is obtained as the fruit of illegal police conduct, it may not be used in state courts. *State v. Krogness,* 238 Or 135, 388 P2d 120 (1964); *Ker v. California,* 374 US 23, 83 S Ct 1623, 10 L Ed 2d 726 (1963); *Mapp v. Ohio,* 367 US 643, 81 S Ct 1684, 6

L Ed 2d 1081, 84 ALR 2d 933 (1961). This proscription covers testimonial evidence as well as physical evidence. *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963). If the evidence was the fruit of illegal governmental action, it was error not to suppress it. *State v. Krogness,* supra. Where an arrest is made without a warrant the state bears the burden of proving the lawfulness of the arrest. *State v. Roderick,* 243 Or 105, 412 P2d 17 (1966). In applying these rules to this case, it first becomes necessary to determine whether the state has met its burden with respect to showing the validity of the arrest of the defendant without warrant. Without a warrant, an officer may arrest when a felony has been committed and he has reasonable cause for belief that the person arrested has committed it. ORS 133.310(3).① Probable cause is the existence of circumstances which would lead a reasonably prudent man to believe in the guilt of the arrested party. Mere suspicion or belief, unsupported by facts or circumstances, is insufficient. *State v. Duffy et al,* 135 Or 290, 295 P 953 (1931).

■ In this case there was no evidence showing that the officers had probable cause, prior to arrest, to believe the defendant guilty of burglarizing the Burkland home, the crime with which she was charged. The arrest took place at approximately 9:00 a.m., and one of the arresting officers testified that he first learned

---

① ORS 133.310 (2): "When the person arrested has committed a felony, although not in his presence;"

See State v. Roderick, 243 Or 105, 412 P2d 17 (1966), for a brief discussion of the effect of ORS 133.310 (2).

ORS 133.310 (3): "When a felony has in fact been committed or a major traffic offense, as defined in subsection (5) of ORS 484.010, has been committed, and he has reasonable cause for believing the person arrested to have committed it * * *."

of the fact of the Burkland burglary by telephone about 10:00 a.m., and had a report of it at the police station at noon. The evidence did not indicate that the other officer knew of the burglary before the arrest. If the officers entered defendant's room for the purpose of arresting her, and had probable cause for believing that she had committed some felony, even though it was a crime other than the one she ultimately confessed to, the defendant's arrest would be legal. On the question of admissibility of evidence it would be immaterial that the crime ultimately charged to the defendant is different from that for which she was arrested. The issue is the validity of the arrest. Cf. *State v. Dempster*, 248 Or 404, 434 P2d 746 (Decided December 6, 1967); *State v. Riley*, 240 Or 521, 402 P2d 741 (1965). There was some indication that Officer Creasy was at the Holiday Inn conducting an investigation into the possibility of defendant's involvement in another crime, but the state did not introduce evidence showing that the officers at the time of the arrest had probable cause to believe defendant guilty of any crime. Such evidence may or may not be available.

■ It follows then that the absence of proof of the existence of probable cause renders the arrest in the instant case invalid.

■ It must next be determined whether the confession in the instant case is the product of the invalid arrest. In other cases the causal connection between an illegal arrest and the obtaining of the evidence in question has been held to be broken by: an intervening legal arrest, *State v. Dempster*, supra, *State v. Allen*, 248 Or 376, 434 P2d 740 (Decided December 6, 1967); or by the intervention of several days' time during which the defendant was released on his own recognizance, *Wong*

*Sun v. United States,* supra; or bringing the defendant before a magistrate between the time of illegal arrest and confession, see *Lacefield v. State,* 412 SW2d 906 (Texas Crim 1967). In the instant case, where the confession was obtained within a matter of a few hours after the illegal arrest, while the defendant was in detention, without the presence of counsel, after a substantial physical encounter with the police which caused the defendant to become "wild," and before defendant had been before a magistrate, we do not feel the state has shown that the connection between the illegal arrest and the confession was "so attenuated as to dissipate the taint." See *State v. Dempster,* supra.

It was error to receive the defendant's statement.

In fairness to the trial court it must be stated that the issue discussed here, though raised, was obscured by the manner in which the case was tried by counsel for both the state and the defendant.

■■ This case must be remanded to the trial court for retrial, and as an incident thereto, for a determination of the issue of the legality of the arrest. If further evidence is adduced on the issue of the causal connection between the arrest and confession the trial judge shall determine whether the state has shown the confession to be free from the taint of the illegal arrest; if any. It should be noted that the lawfulness of an arrest, even when made with probable cause, can be vitiated by the manner of entry. Not only must the method of entry conform to state statute, but it is also subject to federal constitutional standards of reasonableness, *Ker v. California,* supra.[9] An otherwise

---

[9] ORS 133.320 provides: "To make an arrest, as provided in ORS 133.310 [without a warrant], the officer may break open any door or window, as provided in ORS 133.290 and 133.300, if, after notice of his office and purpose, he is refused admittance."

unlawful entry is not rendered lawful by reason of discoveries made as a result thereof. See *State v. Chinn,* 231 Or 259, 266, 373 P2d 392 (1962), and *State v. Roderick,* supra (unlawful search not made lawful by the evidence which it brings to light).

Reversed and remanded.

---

In construing a similar statute the Federal Court held in Keiningham v. United States, 287 F2d 126 (DC Cir 1960), that any unauthorized entry, including entry through an unlocked door, is the legal equivalent of a breaking and requires that the officer effecting the arrest without a warrant comply with the statute. This case is cited with apparent approval in Ker v. California, supra, 374 US at 38.