Argued February 6, affirmed July 16, 1969

STATE OF OREGON, *Respondent, v.*
GEORGE WILLIAMS, *Appellant.*

456 P2d 497

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Billy Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Jacob B. Tanzer, Assistant Chief Deputy District Attorney, Portland.

Before PERRY, Chief Justice, and McAllister, Goodwin, Holman and Hammond,* Justices.

PERRY, C. J.

The defendant George Williams was convicted of illegal possession of marijuana and Heroin. From the judgment entered, he appeals.

The defendant assigns as error the trial court's failure to sustain his motion to suppress the evidence of marijuana and Heroin found upon his person.

The facts disclose that two Portland police officers of the narcotics detail were informed by an unidentified person (described by them to be a reliable informant who had on numerous occasions given them reliable information) that the defendant George Williams, also known as "Railhead" George, was at the Maryland Hotel and had a bag of Heroin in his possession. The officers proceeded immediately to the hotel with the intention of arresting the defendant, whom they knew and had spoken to before. As the officers reached the bottom step of the staircase, they observed the defendant on the staircase, and when he

---

* Hammond, J., did not participate in the decision of this case.

saw the officers he fled back up the staircase. As defendant turned he was observed by the officers to reach into his right pocket and remove something and place it in his mouth. The officers pursued the defendant up the staircase, caught him and forced him to spit out that which he had placed in his mouth— a balloon containing 17 capsules of Heroin. A subsequent search of his clothing also brought to light a marijuana cigarette.

One of the officers testified that "people who deal in narcotics oft times carry narcotics in their mouth." They carry them in a balloon for the purpose of swallowing them. These facts are undenied.

The defendant argues that this evidence is insufficient to provide probable cause to arrest and thus make the evidence seized admissible in evidence. There can be no doubt that the information furnished the officers caused them to go to the Maryland Hotel, and that this information was also the source of a belief by one of the officers that the defendant did have Heroin in his possession prior to his arrest.

■ The defendant correctly argues that "to justify an officer in making an arrest without a warrant mere suspicion is insufficient." However, when an arrest and search is made without a warrant "probable cause" or "reasonable grounds" may be established by evidence of facts and circumstances preceding an arrest that are " '* * * sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed in his presence." *Brinegar v. United States,* 338 US 160, 175, 69 S Ct 1302, 93 L ed 1879.

Therefore, even if we assume that the information given by the informer would not be sufficient to justify the issuance of a warrant of arrest, a new set

of facts prior to the arrest appeared when the defendant fled on observing the approach of the officers.

It cannot be said that the usual conduct of a person acquainted with police officers is to flee when they are about to meet on the stairway in a hotel. This conduct alone furnished confirmation of what the officers had been told. *United States v. Soyka*, 394 F2d 443 (2 cir, 1968).

In addition, there is the fact that as the defendant fled he placed something in his mouth. These experienced narcotics officers were aware of the fact that narcotic peddlers often carried narotics in balloons so that if apprehended they could conceal the fact of possession by placing the balloons in their mouths and swallowing them.

■ We have no doubt that, after receiving information that the defendant was committing a felony (unlawful possession of narcotics), these police officers as reasonably cautious men could act immediately when they observed the actions of this defendant in the hotel where they had been informed he would be. *Draper v. United States*, 358 US 307, 79 S Ct 329, 3 L ed 2d 327. See also *United States v. Robinson*, 354 F2d 109 (2 cir 1965), cert denied 384 US 1024, 86 S Ct 1965, 16 L ed 2d 1028 (1966).

■ The defendant also argues that his cross-examination was unduly restricted because he was not permitted to learn the identity of the informer.

In this case, the arrest was not made until the officers had confirmed in their own minds by the actions of the defendant that the information given by the informant was reliable. Under such circumstances the privilege of nondisclosure applies. *State v. Penney*, 242 Or 470, 410 P2d 226.

The judgment is affirmed.