Argued November 30, 1972, affirmed January 19, petition for
rehearing denied February 15, petition for
review denied May 22, 1973

STATE OF OREGON, *Respondent, v.* RUBEN
VILLARREAL (No. 1873-C), *Appellant.*

STATE OF OREGON, *Respondent, v.* ERNESTO
ENRIQUE GONZALES (No. 1892-C), *Appellant.*

505 P2d 951

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellants.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendants, separately indicted and tried for illegal possession of heroin, appeal from the resulting judgments. The appeals, having been consolidated with the consent of the parties, assign as error in both cases the denial of a motion to suppress, and as error in

*State v. Villarreal* only, denial of a motion for mistrial and refusal to strike certain testimony.

The state police office in Ontario, Oregon, was advised by the owner-pharmacist of a drugstore at Vale, Oregon, by telephone, that two men had just purchased three syringes in his store, and that their behavior in and upon leaving the store had aroused the owner's suspicions concerning them. Accordingly he had taken a description of their vehicle including its out-of-state license number, which he gave to the police along with its apparent direction of travel. The dispatcher alerted two patrol cars in the vicinity who were converging on that route of travel from opposite directions. One police car followed defendants until the other met it, whereupon defendants' car was stopped.

As one officer approached the vehicle on foot, he saw the passenger apparently pushing something down between the front seat which he was occupying and its back immediately behind him. The other officer asked the driver, Villarreal, for his operator's license. He did not have one in his possession, saying he had left it at home. He produced, however, the registration certificate showing himself to be the registered owner. He acknowledged the purchase of syringes at the drugstore and produced them from the back seat. Neither defendant was wearing his jacket. The officer, who had received training in this area, observed what he believed to be old needle marks on both of Villarreal's arms of the type made from injections into a vein. Villarreal was wearing sunglasses. The officer thought his pupils were contracted and asked him to remove the sunglasses. The officer confirmed that the pupils were "very contracted."

Defendant Villarreal was then given the *Miranda*①
warnings, but, the court found, did not voluntarily
consent to the search of the car. The officer neverthe-
less began to search the car. Almost immediately he
located hand-rolled marihuana cigarettes in the pocket
of a jacket lying on the back seat.

Meanwhile the other officer began talking with
Gonzales, who was seated on the passenger's side of
the front seat. He, too, was in his shirt sleeves. The
officer asked him if he would roll up his sleeves so he
could examine Gonzales' arms. Gonzales willingly
rolled up his sleeves. The officer observed "what ap-
peared to be needle marks on his arms which were
short tracks." Based on his training he recognized
them as a type commonly found on drug users.

The officers then placed both defendants under
arrest for unlawful possession of narcotics. The of-
ficers then continued their search of the car and stuf-
fed down between the seat cushion and the back of
the front seat where Gonzales had been sitting was
found a green plastic box containing 15 individual
packages of heroin. The officers also seized a capsule
in Villarreal's pocket.

■ ■ Defendants assert that the officers lacked
probable cause both to arrest the defendants and to
search Villarreal's car. They rely principally on *State
v. Elk,* 249 Or 614, 439 P2d 1011 (1968), and *State v.
Jones,* 248 Or 428, 435 P2d 317 (1967).

In *State v. Elk,* supra, the Supreme Court con-
sidered the validity of a search of a vehicle prior to

---

① Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d
694, 10 ALR3d 974 (1966).

an arrest of its occupants. The court in upholding the search and seizure there involved said:

"The exception to the requirement for a warrant, where the search and seizure is made as an incident to a lawful arrest, is founded upon the necessity to protect the police and to enable the police to gather the fruits of the crime. *State v. Chinn,* supra [231 Or 259, 373 P2d 392 (1962)]. To come within the exception, the search must be an incident of the arrest and must be reasonable. The principles to be applied were set out in *State v. Chinn,* supra, and need not be restated. Recent authorities on the warrantless search of an automobile are fully set forth in the case of *State v. McCoy,* 249 Or 160, 437 P2d 734 (decided February 21, 1968).

"In determining the reasonableness of a given search the courts are more willing to sanction searches of automobiles than searches of other types of property. * * *

"If probable cause for an arrest exists independently of evidence brought to light by the search, the fact that the search precedes the arrest does not render the search unreasonable nor destroy its character as an incident of the arrest. * * *" 249 Or at 620-22.

*State v. Jones,* supra, is not in point. It dealt with the validity of an entry without consent and without a warrant by the police into the motel room of a female defendant who was in bed. The court said:

"In this case there was no evidence showing that the officers had probable cause, prior to arrest, to believe the defendant guilty of burglarizing the Burkland home, the crime with which she was charged. The arrest took place at approximately 9:00 a m., and one of the arresting officers testified that he first learned of the fact of the Burkland burglary by telephone about 10:00 a.m., and had a

report of it at the police station at noon. The evidence did not indicate that the other officer knew of the burglary before the arrest. * * *" 248 Or at 432-33.

Unlike the case at bar, it is obvious that there was no probable cause for the entry.

In *State v. Williams,* 253 Or 613, 456 P2d 497 (1969), the Supreme Court said:

> "The defendant correctly argues that 'to justify an officer in making an arrest without a warrant mere suspicion is insufficient.' However, when an arrest and search is made without a warrant 'probable cause' or 'reasonable grounds' may be established by evidence of facts and circumstances preceding an arrest that are ' "* * * sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed in his presence.' *Brinegar v. United States,* 338 US 160, 175, 69 S Ct 1302, 93 L ed 1879." 253 Or at 615.

Here we conclude that the totality of the circumstances, including the notice from the pharmacist concerning the purchase of the syringes, the absence of the driver's license, the very contracted pupils, the presence of the identical syringes in the car, the needle marks on the arms of Villarreal, and the out-of-state license plates, furnished sufficient grounds to a man of reasonable caution to warrant the arrest of Villarreal and to support the search of his vehicle. Gonzales additionally had been observed stuffing something down behind him in the seat as the officers approached the car. His arm also bore the telltale signs of needle injections common to many users of narcotics. Probable cause for the arrest of both defendants and search of the vehicle was clearly present.

■ Villarreal, alone, also contends he was entitled

to a mistrial because the state was permitted to show in his case that marihuana cigarettes were found in Gonzales' coat pocket. Villarreal was the owner of the car and the officers had a right to explain chronologically all the circumstances found by them reasonably related to the arrest of Villarreal and the search of the vehicle.

The state did not attempt to establish that Villarreal was the owner of the marihuana cigarettes but presented it only in relation to the circumstances which led to the arrest and search of the vehicle. We think it was properly admissible as part of those surrounding circumstances. Certainly it was not unduly prejudicial, since if anything, it bolstered Villarreal's defense that he was unaware of the existence of the heroin or the cigarettes by establishing Gonzales as the owner of the marihuana cigarettes.

Affirmed.