Argued April 16, reversed and remanded May 13, petition
for review denied July 30, 1974

## STATE OF OREGON, *Appellant, v.* LEONARD EUGENE JESSIE (No. C-73-10-3156 Cr), *Respondent.*

521 P2d 1323

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

FORT, J.

Defendant was indicted for Criminal Activity in Drugs (possession of heroin) in violation of ORS 167.207. Prior to trial he moved for an order compelling the state to disclose the name of the informant whose information to the police led to his arrest. In defendant's memorandum in support of his motion, it is stated:

"\* \* \* Defendant believes that the informant's testimony is essential to the just determination of the issue of guilt or innocence."

When the state refused to disclose the identity of the

informant or to produce him for an in camera examination by the trial court, the trial court entered an order dismissing the indictment. The state appeals pursuant to ORS 138.060 (1).

Shortly before 9:50 p.m. on October 11, 1973, Officer Swetman of the Portland Police Bureau was advised by an unnamed informant that the informant had seen defendant and one Richard Wilburn in the latter's automobile; that defendant and Wilburn were attempting to sell a quantity of heroin, and that the heroin in question was contained in a cigarette package which one of the men kept concealed in his sock. However, he did not say which man had the package. Officer Swetman promptly related this information to Officers Morris and Kanzler.

About 15 to 20 minutes later, Officers Morris and Kanzler located the automobile in question. Wilburn and the defendant were in the car. Officer Morris testified that as he approached the vehicle, he saw defendant "unzip his left boot, remove a green package from it, place it under the floorboard mat and zip his boot back up." Underneath the floor mat in the portion of the automobile where defendant was sitting, the officers found a cigarette package which contained a balloon of heroin.

Defendant stipulated:

"MR. BEARDEN [Deputy District Attorney]: Your Honor, we would stipulate the heroin was found in that cigarette package taken from underneath the floor mat, the one Officer Morris saw the defendant take out of his boot.

"THE COURT: And that was underneath the floor mat in the area where Mr. Jessie was sitting; is that correct?

"MR. SCHNEIGER [Metropolitan Public Defender]: That's correct."

Defendant testified that he had only entered Wilburn's automobile about two minutes before the officers had come upon it. He flatly denied taking a package out of his boot or placing anything "underneath the seat of the car."

After hearing this testimony, the trial court expressed its opinion that the informant's testimony might have some bearing on the question of defendant's guilt or innocence, in that it might corroborate defendant's assertion that he had only been in Wilburn's automobile for a minute or two, and that the informant's testimony might therefore be material to defendant's case. The court then proposed that a further hearing be held, in the absence of the defendant but with counsel present, during which the informant could be examined to determine whether his testimony would in fact be helpful to the defense.

Defendant agreed to this suggested procedure, but the state objected on the ground that the informant's testimony had not been shown to be potentially helpful to the defense, and on the further ground that the procedure suggested by the court was likely to result in disclosure of the informant despite the precautions suggested.

Defendant thereupon moved that the case be dismissed, and the court granted the motion. The state appeals.

■ In Oregon State Bar, Criminal Law, § 14.6 (1974), the text states:

"If an informer's role in a case goes beyond the preliminary stage of providing facts which

help form the basis of probable cause to arrest or to search, the identity of an informer normally must be revealed. If the informer is a witness to the alleged criminal transaction, or if he participates in it, he is a witness whose identity must be made known to the defense. *Roviaro v. United States,* 353 US 53, 77 S Ct 623, 1 L Ed 2d 639 (1957). In some of these types of cases, the government must actually produce the informer at trial to be available as a witness.

"A motion to require disclosure of the identity of an informer is one that normally will be made prior to trial. If so, defendant usually has the initial burden to demonstrate that the informer's testimony is relevant to the issue of guilt or innocence. *State v. Cortman* (§ 14.3). The motion may nevertheless be timely if, during trial, it becomes apparent that an informer can testify about that issue. *Lopez-Hernandez v. United States,* 394 F2d 820 (9 Cir 1968).

"The cases discussing whether an informer has to be identified if he can provide evidence pertaining to an accused's guilt or innocence can be classified into two broad categories: (1) cases in which the defendant contends that he was entrapped by conduct of the informer, and (2) cases in which the informer either participated in the crime on a basis short of entrapment or simply was a witness to all or part of the alleged criminal activities."

We agree. *McCray v. Illinois,* 386 US 300, 87 S Ct 1056, 18 L Ed 2d 62 (1967); *State v. Burnett,* 42 NJ 377, 201 A2d 39 (1964); 8 Wigmore, Evidence 761, § 2374 (McNaughton rev 1961).

■ Here, however, the unknown informant was neither a participant in nor a witness to the commission of the crime for which the defendant was arrested and charged. Nor did the informant's role go beyond

the preliminary stage of providing facts which helped form the basis of probable cause for the search of the car and arrest of defendant. Thus, the testimony of the informant was not significant in establishing the guilt or innocence of the defendant when weighed against the state's interest in protecting the identity of the informant. No question of establishing probable cause for the arrest of defendant or the search of the car is here involved since it was agreed this was not a hearing on the motion to suppress evidence. *See:* ORS 133.703; *State v. Cortman,* 251 Or 566, 446 P2d 681 (1968), *cert denied* 394 US 951 (1969); *State v. Williams,* 253 Or 613, 456 P2d 497 (1969); *State v. Evans,* 1 Or App 489, 463 P2d 378, Sup Ct *review denied* (1970).

Disclosure of the informant's identity was, therefore, not required under the circumstances of this case, and it was error for the court to dismiss the case upon the state's refusal to make such disclosure.

Reversed and remanded.

TANZER, J., concurring.

I concur entirely with the majority opinion and wish to add one additional comment.

The procedure which the trial court sought to employ was inappropriate and should be specifically disapproved. If the court is able to identify a specific act of possession to which the indictment refers, then it should be able to make its determination of the necessity for production of the informant as a witness pursuant to the principles set out in *McCray v. Illinois,* 386 US 300, 87 S Ct 1056, 18 L Ed 2d 62 (1967).

An *ex parte* closed hearing would not be to the interest of any participant in the litigation. It would

often thwart the prosecution where the informant, as is often the case, is long gone. The hearing raises severe questions regarding the defendant's right to confrontation. Further, such a hearing is not likely to improve the decision-making ability of a trial court. Therefore, such a procedure is ill-advised and should not be utilized.