Argued June 23, affirmed July 19, 1976

In the Matter of David G. Blocker, a Child
STATE EX REL JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent,*

*v.*

BLOCKER, *Appellant.*
(No. 41,105-B, CA 5802)

551 P2d 1308

*Ronald P. Schiffman,* Portland, argued the cause for appellant. On the brief were Edward J. Jones and Schiffman & Jones, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

**FOLEY, J.**

David Blocker, a 15-year-old youth, appeals from a circuit court order denying his motion to suppress his confession of a burglary under investigation by the Gresham Police Department. He made the confession after he was asked by a police officer to come down to the police station for questioning. The circuit court denied the juvenile's motion to suppress after finding that he was not arrested prior to the questioning, that he was fully advised of his *Miranda*[1] rights, and that he knowingly waived those rights. On appeal, the juvenile contends, as he did below, that his confession was inadmissible because it resulted from an illegal arrest.[2] We disagree and affirm.

██ The juvenile makes no claim of disability because of his age; his argument rests on the premise that he was, in fact, arrested without probable cause shortly before he made the confession to the police. From that premise he proceeds to the established rule of law against admissibility of a confession obtained as the result of an illegal arrest when the state does not establish that the confession was freely given notwithstanding the arrest. *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963); *State v. Woods,* 3 Or App 232, 471 P2d 850, Sup Ct *review denied* (1970); *see also Brown v. Illinois,* 422 US 590, 95 S Ct 2254, 45 L Ed 2d 416 (1975); *State v. Jones,* 248 Or 428, 435 P2d 317 (1967).

However, here the trial judge expressly found that the juvenile was not placed under arrest by the police officers. We are not authorized to disturb such a find-

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

[2] The juvenile does not place in issue on this appeal the trial court's determination that his confession was voluntarily given after he was fully advised of his *Miranda* rights. Thus, *State v. Mathiason,* 275 Or 1, 549 P2d 673 (1976), recently decided by our Supreme Court and cited by the juvenile, is not pertinent to this case. *Mathiason* dealt with a confession resulting from a custodial interrogation before the defendant was informed of his *Miranda* rights.

ing unless the record does not include sufficient evidence to support it. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). In the case at bar the testimony of the police officers involved in the questioning provides ample evidence in support of the trial court's determination that the juvenile was not under arrest at the time of questioning.

"Q  [PROSECUTING ATTORNEY:] What did you do as it relates to David Blocker on the 8th of December?

"A  [OFFICER WEITZEL:] I observed the defendant and [a friend] walking south from Powell on, I believe—when I received information from Detective Morgan in wanting to question Mr. Blocker. I observed the two stop at a place, and I asked Mr. Blocker if he would come with me down to our department at which time he agreed, and he was taken to our department.

"Q  Did he ask you why you were taking him downtown?

"A  I told him that the detectives wanted to talk to him.

"Q  Did you tell him about what?

"A  No, sir, I did not.

"* * * * *

"Q  Did you, in fact, ask Mr. Blocker if he had any objection? Did you ask him that?

"A  Yes, sir, I did.

"Q  Did he make any objection to going down and talking to you?

"A  No, sir. None whatsoever.

"* * * * *

"Q  [PROSECUTING ATTORNEY:] On December 8, 1975, did you have an occasion to interview David Blocker?

"A  [DETECTIVE MORGAN:] Yes, I did.

"Q  Where did you first meet him that day?

"A  At the City Hall. He was in my office.

"Q  Who brought him there?

"A  Officer Weitzel.

"Q Do you know why Officer Weitzel brought him there?

"A Per my request.

"Q Now, did you make an investigation?

"A Yes. I had been driving around Centennial High School, and I had seen David and [a friend], and it just reminded me that David was a subject I had to talk to regarding some burglaries, and I contacted Officer Weitzel on the radio and had him stop them.

"* * * * *

"Q [THE COURT:] What happened * * * [after Blocker was fully advised of his rights and he signed a waiver]?

"A Then we proceeded to have a discussion about the case involved.

"Q When you say 'we', who do you mean?

"A David and I.

"Q Was David under arrest?

"A He wasn't at that time.

"Q Was he free to leave?

"A Yes, any time."

Affirmed.