Argued March 1, affirmed May 7, 1979

STATE OF OREGON, *Respondent,*
*v.*
JAMES EDWARD SMITH, *Appellant.*
(No. C78-04-05820, CA 11645)

594 P2d 860

Thomas L. Mason, Portland, argued the cause and filed the brief for appellant.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals his conviction by a jury on a charge of criminal activity in drugs by possession of heroin. Former ORS 167.207. He assigns as errors denial of his motion to order disclosure of an informant's identity, admission into evidence of money seized from his possession pursuant to a search warrant, failure to give a requested lesser included offense instruction and the trial court's post-trial refusal to release the money.

The police observed defendant drive away from a house in which he resided with Joyce Talley. The car was stopped after he had driven several blocks. A warrant to search both the car and the house had been issued on the basis of an affidavit alleging that a confidential reliable informant had purchased heroin from Talley within the previous 48 hours and from Talley or defendant on several other occasions during the previous 30 days. In searching the car, officers found only a paper sack containing $2,460 in currency, which they seized. The officers (accompanied by defendant) went back to the residence and began a search which revealed a plastic bag in the basement and a number of toy balloons in a vase located in the living room. The bag and the balloons contained heroin.

Defendant asserted that he was never involved in any drug transactions and did not exercise dominion or control over the heroin discovered in the search of the residence. He claimed that the testimony of the informant was necessary to establish that he was innocent of possession. The state, relying on the qualified privilege to protect informants (*Roviaro v. United States,* 353 US 53, 59, 77 S Ct 623, 1 L Ed 2d 639 (1957)), had refused to supply the informant's name, and the trial court denied defendant's motion to disclose.

[93]

The Supreme Court has said:

> "No fixed rule with respect to production is justifiable. The problem is one which calls for a balancing of the public's interest in protecting the flow of information against the individual's right to make his defense. Whether a proper balance renders as error the failure to require production depends upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. Where production of the informant has been shown to be essential to a fair determination of a defendant's guilt or innocence, the privilege must give way. ***" *State v. Elliott,* 276 Or 99, 102, 553 P2d 1058 (1976).

In this case, the essential fact issue was whether defendant actively or constructively possessed the heroin. The defense was a denial of possession or, alternatively, that the defendant was, as defense counsel put the matter in argument to the trial court, "at most *** guilty of criminal drug promotion." *See* former ORS 167.222. Counsel argued that, assuming the informant would testify in accordance with the information contained in the officers' affidavit,

> "the informant's knowledge as to who had the drugs during that 48 hours prior to the actual arrest would go directly to the defendant's guilt or innocence, because the informant was a witness to the crime itself, the possession of the drugs. He in his affidavit said that 48 hours, within 48 hours prior to the issuance of the warrant he purchased the drugs from Joyce Talley at that residence, so he can testify as to *** whether or not James Edward Smith was present during that purchase within the 48-hour time."

Keeping in mind that nothing before us involves a challenge to the sufficiency of the affidavit, the quoted argument appears to be without force. To make its case, all the state had to prove was that the defendant, with the requisite knowledge and intent, exercised dominion and control over the heroin. Even if the

informant had testified that he had dealt exclusively with Talley in the 48-hour period prior to the issuance of the search warrant, it does not appear that that would have aided defendant's case in any way, for it is admitted that defendant lived in the house during that supposedly critical period of time. That the informant may not have dealt with defendant, who is not charged with selling, has nothing to do with whether he exercised dominion and control over a substance on the premises.

■■ The defendant's reliance on *State v. Jessie,* 17 Or App 368, 521 P2d 1323 (1974), is inappropriate. In that case, the state's duty to disclose the informant was said to be dependent upon whether he was "a participant in [or] a witness to the commission of the crime for which the defendant was arrested and charged." 17 Or App at 372. Further, we noted, there is no duty to disclose if "the informant's role [did not] go beyond the preliminary stage of providing facts which helped form the basis of probable cause for the search of the car and arrest of defendant." 17 Or App at 372-73. Again, assuming the informant would testify as his information was recited in the affidavit, nothing he could say would go to the question whether the defendant exercised dominion and control, with the requisite intent, over the illegal substances in the house where he lived. *See State v. Nehl,* 19 Or App 590, 592-93, 528 P2d 555, *rev den* (1975); *State v. Oare,* 249 Or 597, 599, 439 P2d 885 (1968). The trial court correctly determined that the state had no duty to disclose the name of the informant.[1]

■ Defendant challenges the admission in evidence of the money seized in the search of the automobile on

---

[1] Defendant also argues that the testimony of the informant would have been relevant on the purported lesser included offense of criminal drug promotion. We need not consider that matter because of our conclusion below that that offense was not a lesser included offense in this instance.

the ground that it was irrelevant to the charge for which he was prosecuted and because, in any event, the money's prejudicial impact far outweighed whatever probative value it might have had. A very similar point was urged in *State v. Washington,* 36 Or App 547, 585 P2d 24, *rev den* (1978). In that case we held that possession of a large sum of money, when taken together with other evidence indicating a course of illegal activity in drugs, was "a circumstance from which the jury might reasonably infer that he was in possession of the heroin powder found in the home because he was selling heroin." The evidence was held "relevant, albeit at the edge of relevance," and therefore admissible. The same comments apply in this instance. The state's claim of relevance is essentially the same as that made in *Washington:*

> "Defendant's possession of a large amount of cash was an important link in the chain of circumstantial evidence because it tended to show that he had the financial means to buy the valuable quantity of heroin found in the house. This, in turn, supports the inference that defendant knew of the heroin, had been the buyer of the drugs and was, in fact, the person who had control and possession of them."

It is notable that the record here does not contain the quantity of evidence which indicated illegal activity that was recited in *Washington.* However, the record does disclose the presence of a substantial quantity of heroin with a market value between $1,200 and $1,500. The amount of heroin, the defendant's occupancy of the premises and his possession of an unusual amount of cash in a brown paper bag were circumstances from which the jury could reasonably make the inferences suggested by the state. In the absence of any indication that the state used the evidence of the money for purposes other than supporting the permissible inferences, we cannot say that the trial court exercised a wrong judgment. We uphold the admission of the money.

■ Defendant requested an instruction that criminal drug promotion (former ORS 167.222)[2] was a lesser offense included in criminal activity in drugs. Whether or not the instruction should have been given depends on whether the offense is necessarily included in the statutory definition of the crime charged or is expressly included in the offense as stated in the charging instrument. *State v. Washington,* 273 Or 829, 835-36, 543 P2d 1058 (1975).

The information does not charge any of the elements of criminal drug promotion; therefore the question is whether the offense of criminal drug promotion is necessarily included in the crime of criminal activity in drugs. Under former ORS 167.207, the material elements of criminal activity in drugs are: 1) That narcotics or dangerous drugs be manufactured, cultivated, transported, possessed, furnished, prescribed, administered, compounded or dispensed, and 2) that defendant have actual knowledge of the nature of the items which were the subject of his activities. The statute did not require as a material element that the conduct be in a place having particular characteristics, which is the core of the offense under former ORS 167.222. Therefore, criminal drug promotion is not a lesser included offense under the crime charged, and the court did not err in refusing the instruction.

■ Defendant's final assignment of error is that the trial court erred in denying defendant's motion to turn over the $2,460 to or as directed by a third party, who testified during the hearing on the motion that the money in fact belonged to him and had been entrusted to the defendant. In responding to defendant's argument, the trial court erroneously stated that there had been testimony at the trial to the effect that the

---

[2] "(1) A person commits the offense of criminal drug promotion if he knowingly maintains, frequents, or remains at a place:

"(a) Resorted to by drug users for the purpose of unlawfully using narcotic or dangerous drugs; or

"(b) Which is used for the unlawful keeping or sale of narcotic or dangerous drugs."

defendant himself had admitted and claimed ownership of the money. In fact, the only testimony was given by the third party and his wife, both of whom testified that the money had been entrusted to the defendant. Be that as it may, the motion was supported by an affidavit by the third party asserting his claim of ownership to the money and an assignment by the third party to the defendant's attorney. In other words, the defendant did not assert any claim of his own to the money but was attempting to assert the claim of either the third party or the defendant's attorney. The motion was made pursuant to ORS 133.643(4), the language of which makes clear that the moving party must be the person entitled to the property. Although defense counsel or the third party may have had reason to object to the circuit court's retention of the money, neither of them filed a motion under the statute and neither, of course, has standing to assert a claim to the money as part of the appeal of defendant's conviction.

The other basis for the defendant's objection to the trial court's action rests upon a misconstruction of the provisions of ORS 161.625(5), which is not applicable in this instance.

Affirmed.