Argued April 8, affirmed June 3, 1965

# STATE OF OREGON *v.* RILEY
### 402 P. 2d 741

*Bruce J. Rothman,* Portland, argued the cause and filed a brief for appellant.

*Charles J. Merten,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell and Denecke, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction for the violation of ORS 166.270 which makes it unlawful for an ex-convict to have in his control a firearm capable of concealment.

Defendant was stopped by Portland police officers Todd and Williams at 2:50 a.m. on February 24, 1964, for driving a motor vehicle with defective tail lights. After defendant had been stopped he stepped from his automobile as the two pursuing officers approached. Todd testified that while his colleague Williams was discussing the alleged traffic law violation with defendant at the rear of defendant's car, he, Todd, flashed

his light into the car and observed the butt of a gun sticking out from under the front seat on the driver's side. Todd testified that the door of the car was open and that he observed the gun before he touched any part of the interior of the car. Todd removed the gun from under the seat and proceeded to question defendant as to its ownership. According to the officers' testimony, defendant stated that he had purchased the gun and that he had a receipt somewhere in his wallet. He attempted to find the receipt but was unsuccessful. When he was asked why the gun was under the seat, defendant explained that he did not want the officers to find it on his person. He also stated that he had been arrested and had served time in the penitentiary for the commission of the crime of rape.

Both officers testified that as defendant's car was stopping they observed him leaning over as though he were placing something under the front seat.

Defendant moved to suppress the evidence on the ground that there was an unreasonable search and seizure.

■ Although the trial court made no formal findings of fact, it is clear from the record that he found that the gun was discovered prior to any intrusion into the car by the officers. Since, under these findings, the gun was seen without an intrusion into the car, there was in fact no search. It has been held repeatedly that if there is no trespass the observation, aided by a light, of that which is open to view is not a search.[1]

---

[1] United States v. Lee, 274 US 559, 47 S Ct 746, 71 L Ed 1202 (1926); Petteway v. United States, 261 F2d 53 (4th Cir, 1958); Smith v. United States, 2 F2d 715 (4th Cir, 1924); People v. Kuntze, 371 Mich 419, 124 NW2d 269 (1963); People v. Wright, 153 Cal App2d 35, 313 P2d 868 (1957). See State v. Turner, 237 Or 609, 614-615, 390 P2d 177, 179 (1964).

■ However, we have the question of whether the seizure of the gun meets constitutional requirements. Defendant was an ex-convict. The evidence quite clearly indicates that he had the custody or control of the gun at the time he was stopped. Therefore, he was in violation of ORS 166.270 at the time the gun was seized. But prior to the seizure officer Todd did not know that defendant was an ex-convict. There was, however, probable cause to believe that defendant was violating ORS 166.250 making it unlawful without a license to carry concealed within a vehicle a firearm capable of being concealed upon the person. The fact that the gun was in a place indicating an effort to conceal it, coupled with the fact that defendant appeared to be in the act of concealment just before he was stopped, would constitute the basis for probable cause that ORS 166.250 had been violated.

Immediately after seizing the gun the police officers called their headquarters by radio and learned that defendant was an ex-convict. As soon as that information was obtained the arresting officers had reason to believe that a violation of ORS 166.270 had occurred.

■ The seizure being lawful initially, the evidence seized was admissible for the purpose of proving any crime committed by defendant. The officers were justified in seizing the gun upon the further ground that it was reasonably necessary to their safety. Defendant was still near the car when Todd seized the weapon. There was no indication that defendant was about to make an effort to get the gun. When officer Todd was asked on direct examination if he was "in fear of any assault by a weapon," he responded, "No, no more than you normally would be." To justify the seizure of a weapon which could be used against

the arresting officer we shall not draw a fine line measuring the possible risk to the officer's safety. The officer should be permitted to take every reasonable precaution to safeguard his life in the process of making the arrest.

The judgment is affirmed.