Argued March 15, affirmed May 6, petition for rehearing
denied June 8, 1971

STATE OF OREGON, *Appellant, v.*
NICHOLAS HARRY FISHER, *Respondent.*

484 P2d 864

■■■■

■■■■■■

■■■■

*James C. Farrell*, Deputy District Attorney, Roseburg, argued the cause for appellant. With him on the brief was Doyle L. Schiffman, District Attorney, Roseburg.

*Arthur A. Wilson*, Roseburg, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

■■■■

## SCHWAB, C. J.

Defendant was indicted for unlawful possession of marihuana in violation of ORS 474.020. Prior to trial he successfully moved to suppress the evidence, marihuana, seized by the arresting policeman. The state appeals under the provisions of ORS 138.060 (4),[1] contending that the order of suppression was not supported by the evidence.

The arresting officer testified that he stopped the defendant as a routine traffic matter solely to advise him that his rear license plate was loose. He testified that during the colloquy that followed he became concerned because of sudden, suspicious movements made by defendant's passenger, and that he therefore conducted a search for weapons which resulted in his finding marihuana in the glove com-

---

[1] ORS 138.060 (4) provides:

"The state may take an appeal to the Court of Appeals from:

"(4) An order made prior to trial suppressing evidence."

partment of the automobile.[9] The passenger testified that he did not make any sudden or suspicious movements.

■ A routine traffic stop is of itself not sufficient cause for making a warrantless search. In *Sibron v. New York*, 392 US 40, 88 S Ct 1889, 20 L Ed 2d 917 (1968), the Supreme Court, speaking of policemen, stated:

> "* * * In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous * * *." 392 US at 64.

See also *Terry v. Ohio*, 392 US 1, 88 S Ct 1868, 20 L Ed 2d 889 (1968).

■ In the case of a warrantless search the burden of proving reasonable cause rests with the state. *State v. Roderick*, 243 Or 105, 412 P2d 17 (1966). The trial judge, after hearing the conflicting testimony, obviously found that the state had failed to meet its burden. In his memorandum opinion he stated:

> "It is urged by the State that the conduct of the defendant and his passenger was of a sufficiently suspicious character that the officer was justified in conducting a search of the vehicle for possible weapons. As noted above, the reason for the officer's suspicions is not apparent from the record itself and appears to be more subjective on the part of the officer than based upon any objective observations made by him."

■ It is not our function to try a matter such as this de novo. In *Alcorn v. Gladden*, 237 Or 106, 111, 390 P2d 625 (1964), the court said:

> "* * * ORS 138.220 provides that in criminal

---

[9] The state concedes that the search was warrantless and was not consented to.

actions 'the judgment or order appealed from can be reviewed only as to questions of law appearing on the record.' We are not authorized to reexamine disputed questions of fact * * *."

In *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968), the court said:

"It has been called to the court's attention * * * that the scope of review by this court of questions concerning voluntariness of admissions and confessions has not always been consistent. As a result, it would appear appropriate to discuss in some detail what we consider our proper scope of review of questions concerning the voluntariness of admissions and confessions.

"What actually transpired is a question of fact for the trial court or jury. If the evidence sustains such historical factual findings they will not be disturbed by this court. If findings are not made on all such facts, and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion, e.g., voluntariness or lack thereof, made by the trial court or jury. Whether these historical facts as found are sufficient to sustain a finding of voluntariness which meets state and federal constitutional concepts of due process is another question, and one which falls within our proper scope of appellate review * * *."

■ In the case at bar there was a clear conflict in the testimony. The conflict has been resolved by the trier of fact; his findings will not be disturbed by this court.⑨

Affirmed.

---

⑨ The defendant has also raised the question of whether or not the traffic stop which gave rise to the search that followed was justifiable. In view of our holding here we do not reach that question.

THORNTON, J., dissenting.

The search and seizure here occurred shortly after a passenger car driven by defendant and bearing out-of-state license plates was halted by a police officer on routine traffic patrol. The officer testified that after he turned on his red warning light to signal the driver to stop he saw the passenger, who was sitting next to the driver, lean down lowering his right shoulder as if placing or reaching for some object beneath him on the floorboard. Following his normal procedure, the officer first asked defendant for his operator's license and instructed the passenger to keep his hands in sight. The defendant produced and showed the officer an Oregon driver's license in the name of Michael James White, although he was operating a car with Washington license plates. (The police did not learn defendant's true identity until much later.) The officer then asked him to produce a car registration card. The defendant replied that he did not have one because he had just purchased the car the week before and had not received a registration yet. The officer testified that shortly after commencing his questioning the passenger made a sudden hand movement for the glove compartment of the car; that he then looked directly at the man, who thereupon returned his hands to their former position. The officer averred that in the next few minutes the passenger made three similar moves, including placing one hand beneath a blanket which was on the front seat. Each time the officer looked directly at the passenger, his hands were returned to their former position.

The passenger, while acknowledging some hand movements, denied reaching toward the glove com-

partment or beneath the blanket. He did not deny the officer's testimony as to his earlier action. The defendant testified that his back was to the passenger and he could not see what the passenger did with his hands at all times. The officer stated that becoming concerned for his own safety he ordered the passenger to get out of the car. (The defendant was already standing outside the car.) The passenger then got out and stood against the rear door on the opposite side while the officer searched for weapons in the two areas toward which the passenger had allegedly made moves.

The officer first put his hand under the blanket on the front seat and then opened the glove compartment, where, instead of a weapon, he found a Marlborough cigarette box containing a plainly visible marihuana cigarette. He then arrested both defendant and his companion for illegal possession of marihuana. Subsequent search of the car revealed similar contraband.

The trial court, without making any specific findings of fact or questioning the truth of the officer's testimony, stated that "* * * the reason for the officer's suspicions is not apparent from the record itself and appears to be more subjective on the part of the officer than based upon any objective observations made by him." The court then concluded that the record did not reveal any probable cause for stopping the defendant and making the search and sustained the motion to suppress.

It seems to me that the effect of the majority opinion is to make any decision of a trial judge final and conclusive when he decides any question of fact in a hearing of this type, regardless of whether his conclusions are sustained by the historical facts. I do

not understand this as being the rule announced in *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), where the Supreme Court declared that the findings of the trial court as to voluntariness of a confession will not be disturbed by the appellate court if the historical facts in the case support those findings. But here the trial court's findings are not supported by the historical facts.[①] The trial judge's memorandum decision makes no mention of any conflict in the testimony. The court simply said it thought that the officer had no reasonable basis for his suspicion that the car might contain a concealed weapon, or that the passenger might have been reaching for it. I cannot agree. As I read the record, the trial court disregarded substantial evidence from which the officer could have reasonably inferred that defendant's companion was reaching for a gun and became concerned for his own safety. Even leaving aside the hand movements by the passenger toward the glove compartment and beneath the blanket, which the officer said occurred three times, the officer also testified that when the flashing signal to halt was given, the passenger leaned forward and lowered his right shoulder as if placing or reaching

---

[①] In State v. William D. Smith, 4 Or App 130, 476 P2d 802 (1970), this court thoroughly reviewed the conflicting evidence as to the degree of defendant's intoxication and determined that defendant was capable of understanding the *Miranda* warning given by the arresting officer. The court said:

"*Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), tells us that whether the historical facts as found are sufficient to sustain a finding of voluntariness which meets state and federal constitutional concepts of due process is a question which falls within the scope of appellate review * * *." 4 Or App at 134.

In view of what we said in State v. Smith, supra, how can we now refuse to examine the "historical facts" here where the state rather than the defendant is the appellant?

for some object beneath him. This was not contradicted.[2]

Under the rule laid down in *State v. Riley*, 240 Or 521, 402 P2d 741 (1965), I would hold that the officer was justified in making a protective search for weapons toward which areas defendant's companion was observed making repeated hand movements only moments before.

---

[2] This movement has been termed in police parlance as the "forward lean." Some courts have held this to be a "furtive gesture" or conduct which reasonably led the officer to believe that the suspect was trying to hide evidence under the seat or on the floor and afforded a reasonable basis for stopping and searching the car. See People v. Wigginton, 254 Cal App2d 321, 62 Cal Rptr 104 (1967); People v. Shapiro, 213 Cal App2d 618, 28 Cal Rptr 907 (1963).