Argued December 2, affirmed December 27, 1971

STATE OF OREGON, *Respondent, v.*
DENNIS DARNELL SMITH, *Appellant.*

492 P2d 317

*Douglas C. Morris,* Portland, argued the cause and filed the brief for appellant.

*Joseph F. Ceniceros,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## LANGTRY, J.

Defendant appeals from conviction by the court of first degree murder. The only issue is whether it was error to receive a tape-recorded confession.

The court, *in camera,* preceding selection of a jury, heard testimony of detectives who took the confession, and the testimony of a psychiatrist who had previously examined the defendant, to determine whether defendant's *Miranda*[1] rights had been understandingly explained to him and if his confession was voluntary. After determination of these questions trial by jury was waived.

The evidence from the psychiatrist was that although the defendant had graduated from high school he was unable to read or spell, had the educational level of a fifth grader,[2] and his intelligence was borderline between retardation and low average.

The deceased was called to the attention of the police at a place where he was dead in an automobile. The finding of the body was a result of action instituted by the defendant. He made a written exculpa-

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

[2] It is our understanding that most fifth graders can read and spell. The detectives testified that defendant told them he could read, but they read the *Miranda* warnings to him anyway.

tory statement which he signed at this time, February 28, 1971, and was not held. On March 2, 1971, defendant voluntarily appeared at the police station seeking to talk with a particular detective. He was advised of his constitutional rights and after talking to the detective for about an hour made the recorded statement.

After reading the *Miranda*® warnings printed on the statement form, the psychiatrist testified that in his opinion defendant understood the content of them "and what it really meant because the wording is very simple." The psychiatrist then listened to the tape-recorded confession, which included the verbal warning which was given to the defendant, and after hearing it testified:

> "Q. Now doctor, after listening to that interview, do you feel as though the individual being interviewed knew the circumstances of which he was talking about?
> "A. Yes."

Defendant relies upon *Clewis v. Texas,* 386 US 707, 87 S Ct 1338, 18 L Ed 2d 423 (1967), and *Combs v. State,* 237 Md 428, 206 A2d 718 (1965). In *Clewis* the defendant was arrested and held for one and one-half days during which time he was taken on a 600-mile trip. He was not allowed counsel or effectively advised of his rights. He was allowed very little to eat and little rest and during that time made three confessions, the first two of which he immediately repudiated and the last of which he denied at the trial.

In *Combs* the defendant was held in jail under a threat that he would not be released until he confessed. He was not advised of his rights to counsel. In each of these cases the defendant was of borderline intelligence like the defendant in the instant case, and

that appears to be why defendant relies upon them. However, the similarity, as indicated above, stops there.

The finding of the trial judge, under the evidence, was reasonable. In a situation such as this we will not re-try the facts. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968) ; *State v. Fisher,* 5 Or App 483, 484 P2d 864 (1971) ; *State v. Regan,* 5 Or App 491, 484 P2d 861, Sup Ct *review denied* (1971).

Affirmed.