Argued June 19, affirmed July 27, petition for rehearing denied August 23, petition for review denied October 25, 1972

STATE OF OREGON, *Respondent, v.* CHARLES EDWIN JOHNSON (No. 20211), *Appellant.*

499 P2d 348

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C.J.

Defendant, convicted of receiving and concealing stolen property, former ORS 165.045, asserts on appeal that the allegedly stolen property introduced in his trial was illegally seized and that the trial court therefore erred in denying his motion to suppress that evidence.

Officer Krauger, on routine patrol in his police car about 1:30 a.m., October 22, 1971, observed an automobile being driven in what he considered to be an unusual manner. His suspicions aroused, the officer stopped the automobile he had observed.

Defendant was driving the car Officer Krauger stopped. While checking defendant's driver's license, etc., the officer saw items in defendant's car which he believed might be burglar tools. The officer asked defendant for permission to search the automobile. At the hearing on defendant's motion to suppress, Officer Krauger testified that defendant consented to a search; defendant did not testify to the contrary.

The officer found a loaded .22 caliber pistol in the glove compartment and arrested defendant on a concealed weapon charge. Defendant was taken into custody, and his car removed from the scene by a tow truck.

Sometime between about 3:30 and 5 a.m., October 22, 1971, the police made an inventory of the contents of defendant's car. They found surgical instruments which were similar to items taken in a recent

burglary of a veterinarian's office. The officers obtained a search warrant and seized the surgical instruments from defendant's car. Upon determining there had been other items taken in the burglary which were not in defendant's car, they then obtained a warrant to search defendant's house. This search produced additional items taken in the burglary.

Defendant does not contend that the first warrant to search his car or the second warrant to search his home were not supported by probable cause. Instead, defendant argues: (1) he was "under arrest" as soon as originally stopped by Officer Krauger; (2) therefore his consent to search was ineffective because he was not first given the warnings required by *State v. Williams*, 248 Or 85, 432 P2d 679 (1967); and (3) all the searches that followed are invalid because those searches would not have occurred but for the chain of events that followed defendant's original consent to search his car.

■■ The answer is that defendant is factually and legally mistaken in his initial premise. The trial court concluded that defendant was not arrested until after Officer Krauger discovered the pistol in his car, which was, of course, after defendant had consented to the search. This finding is supported by substantial evidence. *See, State v. Fisher*, 5 Or App 483, 484 P2d 864 (1971). Furthermore, in general an officer's act of stopping a motor vehicle to investigate suspicious circumstances is not an arrest. *State v. Cloman*, 254 Or 1, 456 P2d 67 (1969); *State v. Huddleston*, 5 Or App 9, 480 P2d 454, Sup Ct *review denied* (1971).

Since defendant was not under arrest or in custody when asked for permission to search his car, it

was not necessary to give the warnings required by *State v. Williams*, supra, before obtaining defendant's consent to search. *State v. Douglas*, 260 Or 60, 488 P2d 1366 (1971).

Affirmed.