Argued May 28, affirmed June 23, reconsideration denied
August 6, petition for review denied September 16, 1975

STATE OF OREGON, *Appellant, v.* JOHN
L<small>E</small>ROY CROSSEN, JR. (C 74-10-3134 Cr),
*Respondent.*
536 P2d 1263

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Jeffrey L. Rogers,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Under circumstances not necessary to be detailed in this opinion, two police officers were properly in a house, where defendant was visiting, at approximately 5 o'clock in the morning. They had no search warrant. The defendant was seated at a table. He was asked to produce identification and while a radio check with police headquarters was being made to determine if defendant was wanted, one of the officers noted a cigarette package in front of defendant on the table. Among the cigarettes in the package was one appearing to be hand-rolled, which the officer thought to be a marihuana cigarette. The officer asked defendant if he knew what it was and he responded that he did not. From his rapid speech, nervousness and general appearance and demeanor, the officer thought defendant was under the influence of amphetamines.[1] The officer at this point noted a bulge in defendant's shirt pocket and asked defendant what it was "and he told me that it was none of my busi-

[1] Defendant detailed a different version of his contact with the policeman. He indicated he was not under the influence of drugs and he exhibited to the court the double knit shirt pocket through which the officer testified he had observed what he thought to be "cross-tops."

ness  *  *  *." The officer could not see in the pocket, but thought the bulge was characteristic of small pills which the officer believed to be "cross-tops." The officer then reached into defendant's shirt pocket and over defendant's physical remonstrance seized a plastic wrapper containing what developed to be amphetamines. Moments after the seizure radio information was received by the officers that there were three outstanding felony warrants for defendant's arrest. Defendant was then arrested and subsequently indicted for criminal activity in drugs involving the amphetamines seized by the officer as outlined above. Defendant moved to suppress and the trial court allowed the motion as to the amphetamines (Exhibit 2). The state appealed. ORS 138.060(3).

ORS 133.693(4) provides:

> "Where the motion to suppress challenges evidence seized as a result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution."

The trial court announced the following finding at the conclusion of the suppression hearing:

> "The Court finds that the State has failed to sustain its burden of proof insofar as State's Exhibit 2 [the plastic bag containing amphetamines] is concerned. Frankly, gentlemen, I just didn't believe the officer's testimony as to his observations concerning the defendant's conduct and condition at the time nor the officer's testimony about being able to see Exhibit 2 or the impressions in the shirt pocket which the officer stated he had observed."

We have previously discussed our scope of review in cases such as this.

> "It is not our function to try a matter such as

this de novo. In *Alcorn v. Gladden*, 237 Or 106, 111, 390 P2d 625 (1964), the court said:

" '* * * ORS 138.220 provides that in criminal actions "the judgment or order appealed from can be reviewed only as to questions of law appearing on the record." We are not authorized to reexamine disputed questions of fact * * *.' " *State v. Fisher*, 5 Or App 483, 485-86, 484 P2d 864 (1971).

*See also Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

■ In the present case the trial court did not believe the officer's testimony as to the asserted factual basis for probable cause. We are bound by this finding unless there is some other basis upon which to avoid the exclusionary rule.

■■ The state insists that the doctrine of "inevitable discovery" ought to be applied in this case to avoid the exclusionary rule since it was only "moments" after the illegal search that the officers had authority to arrest defendant on the felony warrants and a search at that time would undoubtedly have produced the drugs. To dilute the exclusionary rule in this manner would defeat one of the purposes of the rule, i.e., to discourage illegal police conduct. Instead it would encourage unlawful searches in the hope that probable cause would be developed after the fact.[2] The inevitable discovery rule has been applied only to purge the taint from derivative, not primary, evidence and we see no reason in this case to extend it to the latter.

Affirmed.

---

[2] *See* State v. Mickelson, 18 Or App 647, 526 P2d 583, Sup Ct *review denied* (1974), where in a seizure based on probable cause to arrest or search we held that the arresting officer was required to have probable cause *before* he arrested or searched.