Argued and submitted August 30, reversed November 26, 1979

# STATE OF OREGON,
*Respondent,*
*v.*
# BRETT ALLEN PAGE,
*Appellant.*

(No. M 78-1046, CA No. 13971)

602 P2d 1139

Richard A. Cremer, Assistant Public Defender, Roseburg, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Defendant was convicted of one count of possession a slugging device, ORS 166.510.[1] He appeals, alleging three assignments of error: (1) denial of his motion suppress certain items found in his car; (2) error in overruling his demurrer, based on the ground that the statute in question is an infringement upon the constitutional right to bear arms and further on the ground that the statute was unconstitutionally vague its use of the term "billy"; (3) error in overruling the defendant's motion for a judgment of acquittal, arguing that the instruments (ax handles) introduced as evidence in the present case were not, as a matter of law, "billys" under the statute. We do not reach the other assignments because we agree with the defendant that, as a matter of law, the instruments he was charged with possessing were not "billys" under the pertinent statute. It follows that his conviction must be reversed.

Where a statute is of questionable constitutional validity, this court's obligation is to construe it, if at possible, to save its constitutionality. *State v. uett*, 37 Or App 183, 586 P2d 800 (1978). Such an igation faces us here. The pertinent statute, ORS 5.510, makes it a crime to possess a "billy". A "billy" variously defined:

"Billy, 1: a slubbing frame 2: a heavy usu. wooden weapon for delivering blows: Club esp: a policeman's club 3: [by shortening]: Billy Goat." Webster's Third New International Dictionary.

---

ORS 166.510 provides:

"(1) Except as provided in ORS 166.515 or 166.520, any person who ufactures, causes to be manufactured, sells, keeps for sale, offers, s, loans, carries or possesses an instrument or weapon having a blade h projects or swings into position by force of a spring or other device commonly known as a switch-blade knife or an instrument or weapon nonly known as a blackjack, slung shot, billy, sandclub, sandbag, sap e or metal knuckles, or who carries a dirk, dagger or stiletto commits a s A misdemeanor.

"(2) District and justice courts shall have concurrent jurisdiction with ircuit courts of any offense defined in this section."

"Billy: 1. A term applied to various machines and implements: as (a) a slubbing or roving machine; (b) a highwayman's club; (c) an Austrialian bushman's tea-pot." The Compact Edition Oxford English Dictionary.

The principle theme running through these definitions is that a "billy" is a club of the kind normally used as a personal weapon. The instruments in question here were not of that kind. They were two ax handles, one of which had electrical tape wrapped around one end in a manner which might make it easier to hold.

If we were to rule that possession of the ax handles in this case was a violation of the prohibition against possessing a "billy" under ORS 166.510, we would also be authorizing prosecutions for possession of such varied and generally benign items as handles for hammers, disassembled pool cues, and chair legs. Under such a theory, carpenters, pool players and furniture makers might all be subject to arrest if they had the items previously described in their car and happened to come to the attention of the police. It may well be that the legislature will wish, at some future time, to forbid the possession of these items under such circumstances. However, we do not think that the present statute was so designed. We hold that the possession of the ax handles in question here did not constitute a violation of ORS 166.510. It follows that the court erred in denying the defendant's motion for judgment of acquittal.

Reversed.