Argued and submitted January 23,
affirmed March 24, reconsideration denied May 8,
petition for review denied June 10, 1980 (289 Or 275)

## STATE OF OREGON,
*Respondent,*

*v.*

## JERRY JOEL MILLER,
*Appellant.*

### (No. 79-624, CA 15211)

608 P2d 595

Walter B. Hogan, Coquille, argued the cause for appellant. With him on the brief was Maurice V. Engelgau, Coquille.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Defendant appeals his convictions for possession of a controlled substance, ORS 475.992(4), and carrying a concealed weapon, ORS 166.250. He contends the court erred in denying his motion to suppress evidence seized without a warrant from the vehicle he was driving.

The evidence presented at the hearing on the motion disclosed the following sequence of events. At approximately 1:44 a.m. Deputy Sheriffs Cook and Ellison were parked in an unmarked vehicle in a boat ramp parking area. They observed the defendant and his passenger in a pickup, enter the parking area at a high rate of speed. The pickup made a 360 degree sliding turn around the vehicle in which the deputies were seated and then it left the parking lot without stopping at a stop sign. The officers pursued the vehicle at speeds of 65 to 70 miles per hour. The defendant's vehicle was subsequently stopped by another deputy who received the radio report of the pursuit. Defendant concedes the stop was lawful. After being stopped defendant and the passenger got out of the pickup. Cook and Ellison arrived approximately a minute later. At this time there were three other officers present. Ellison talked with defendant and the passenger and noted an odor of an alcoholic beverage on their breath. Defendant admitted that he had consumed some beer. At this point Ellison contemplated charging defendant, the driver of the pickup, with reckless driving, attempting to elude a police officer and driving under the influence of intoxicants.

Ellison walked over to the pickup to check and see if there was any alcoholic beverage inside. He shined his flashlight through the passenger window and saw three or four inches of a baseball bat protruding from under the seat on the passenger side of the pickup. He opened the door and removed the bat. As he did so a brown paper sack, which was under the seat, fell to the

floorboard. He opened the sack and saw what he concluded was marijuana.

Defendant and his passenger were then arrested for possession of a controlled substance and advised of their rights pursuant to *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966). Both men were then searched. During the course of that search several rounds of ammunition were found on the person of the passenger, and when asked if they had a weapon, defendant responded that there was a gun under the vehicle's seat. A revolver was removed from the vehicle.

Defendant argues, citing *State v. Krogness*, 238 Or 135, 388 P2d 120 (1963), *cert den* 377 US 992 (1964), and *State v. O'Neal*, 251 Or 163, 444 P2d 951 (1968), *overruled, State v. Florance*, 270 Or 169, 184, 527 P2d 1202 (1974), that the officers did not have probable cause to search defendant's vehicle. There was no basis, it is contended, for believing a crime other than the traffic offenses had been commited. Defendant also contends that the baseball bat is not contraband under ORS 166.510, *e.g., State v. Page*, 43 Or App 417, 602 P2d 1139 (1979), and that there was no basis for a reasonable fear that the officers were in danger of injury with the bat.

It is clear from the record that the baseball bat was observed by the officer prior to any intrusion into the vehicle. Because the bat was seen by aid of the flashlight, without any intrusion into the vehicle, there was, in fact, no search. If there is no trespass by the law enforcement officer, the observation, aided by a light, of that which is in open view is not a search. *State v. Riley*, 240 Or 521, 402 P2d 741 (1965). The question remains whether the seizure of the bat meets constitutional requirements.

A law enforcement officer, in the process of making an arrest or questioning a person suspected of criminal activity, may take reasonably necessary measures to

protect himself and other persons from injury. *State v. Riley, supra; Terry v. Ohio,* 392 US 1, 88 S Ct 1868, 20 L Ed 2d 889 (1968). If the reasonable needs of protection require the officer to enter constitutionally protected areas, such as a vehicle, the inquiry is the reasonableness under all the circumstances of the intrusion.

Defendant, apparently anticipating our holding in *State v. Page, supra,* argues that it is not illegal under ORS 166.510 to possess a baseball bat. From this proposition he contends that the officer viewing the bat did not have probable cause to believe it was contraband and thus seizable. The right of an officer to protect himself and others during the process of an arrest does not depend on his observation of an illegal weapon. The risk of harm from a particular weapon exists because of the weapon, not whether it is legally or illegally possessed.

Defendant next argues that a baseball bat is a common sports item and there is no basis for the officer considering it to be a weapon. The officer who seized the bat and two other officers testified at the hearing that in their experience baseball bats had been used as weapons either after modification for that purpose or in the unmodified state. Where an officer is faced with a situation that requires quick action and often hasty decisions in order to remove any risk of danger to himself or others, we should take into account the circumstances facing the officer. Severe judicial second guessing with the benefit of detached analysis and hindsight is not appropriate. The officer's good faith belief that he observed something that could reasonably be a weapon to harm him or others should not be disregarded. We conclude that under the circumstances the officer's belief that the baseball bat could be used as a weapon to harm him was reasonable.

Defendant additionally argues that there was no immediate danger to any of the officers because the defendant and the passenger were not in the vehicle

[411]

and were in fact between 6 to 30 feet from the pickup at all times. He also contends that with five officers present there was very little risk that one of the men would get the bat and use it as a weapon. The evidence indicates that at the time the officer retrieved the bat from the pickup either the defendant or his passenger was near the officer. The officer testified that when a person driving a vehicle is arrested and taken into custody it is the sheriff's policy to turn the vehicle over to the passenger if the arrestee consents. He had contemplated arresting the defendant on the traffic offenses and then turning the vehicle over to the passenger. The passenger would then have been in the vehicle in close proximity to the baseball bat. In *State v. Riley, supra*, the Supreme Court assessed a similar argument, and said:

> "* * *To justify the seizure of a weapon which could be used against the arresting officer we shall not draw a fine line measuring the possible risk to the officer's safety. The officer should be permitted to take every reasonable precaution to safeguard his life in the process of making the arrest." 240 Or at 524-25.

We conclude the evidence supports the conclusion of the trial court that the officer's actions in seizing the bat were constituted as reasonable precaution for his own protection.

Defendant does not contend that the officer was prohibited from opening the paper bag to see what was inside. The contentions made respecting seizure of the revolver is that its discovery was the result of the alleged illegal seizure of the baseball bat. Because we conclude that that seizure was lawful the contention must fail. For the first time, on appeal, defendant argues that he was questioned about weapons after his arrest but before he was advised of his *"Miranda"* rights and his statement respecting the revolver

[412]

should be suppressed. That contention was not made a part of his motion to suppress the revolver. We decline to consider that issue.[1] *State v. Hickmann*, 273 Or 358, 540 P2d 1406 (1975).

Affirmed.

---

[1] We note, however, the arresting officer testified he advised the men of their *Miranda* rights just after arresting them. There was no contrary evidence.