Argued and submitted March 19, affirmed May 9, 1990

STATE OF OREGON,
*Respondent,*

*v.*

KIM LEE GOIN,
*Appellant.*

(88-CR-0139-33; CA A60556)

791 P2d 149

J. William Savage, Portland, argued the cause for appellant. With him on the brief was Jon P. Martz, Portland.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## WARREN, J.

Defendant appeals his conviction for possession of cocaine. ORS 475.992(4). He assigns as error the denial of his motion to suppress the cocaine found when a park manager opened a package that the manager thought was addressed to the park. Defendant contends that the search violated the Fourth Amendment and Article I, section 9, of the Oregon Constitution. Because no search occurred, we affirm.

In July, 1988, defendant was camping at Cove Palisades State Park. He told park manager Winegar that he was expecting some boat parts to be delivered by United Parcel Service (UPS) and asked whether Winegar had seen the package. Winegar assured him that he would check to see if it had arrived. Later that day, Winegar picked up the regular mail. In the mail was a small package addressed conspicuously to "Cove Palisades State Park," at the park's regular mailing address. Winegar opened the box and found several bindles of what he suspected were drugs. When he showed the box to a police cadet, Winegar discovered that on the side opposite the address was written: "Attention Kim Goin Sp. C-25." Winegar did not immediately realize that Goin was the person who had inquired about the boat parts. Police arrested defendant when he accepted the box.

The trial court found:

"And one of [Winegar's] functions is simply to receive mail, to open it, to make reservations if that's what it is, or take other appropriate action regarding it."

It further found:

"[T]he Cove Palisades State Park is a frequently used address for people writing to the park, as such, and not to particular persons who might be camping there. It is the practice and policy of Mr. Winegar that, unless mail is designated to some particular employee or to some particular camper, but just addressed to the Cove Palisades Park, that he opens it considering it mail for park purposes, and he is the person who opens all of that mail.

"Mr. Winegar did not look at the bottom of the box prior to opening it, but relied on the address which is apparent at the top of the box where the stamp had been placed for the postage. There was no indication on that part of the box either

of a return address or of — that it's being directed to the attention of any particular party.

"* * * * *

"I think we can safely say that most of the time when property — parcels or letters are addressed, if they are to be to somebody's attention, that's indicated on the address that you would normally look at, which is on the top of the box."

It ruled that, because Winegar was an employee of the Department of Transportation and not a police officer, suppression was not required.

We affirm, but for a different reason. Winegar's act of opening the package was not a search, because it was not a purposeful intrusion into defendant's privacy. *State v. Slowikowski,* 307 Or 19, 27, 761 P2d 1315 (1988); *State v. Nevler,* 95 Or App 694, 770 P2d 956 (1989). In *Nevler,* while the police were looking for marijuana on federal property from a helicopter, they spotted marijuana on the defendant's property. We held that no search had occurred, because the observation did not result from a "purposeful effort to observe [the] defendant's property." 95 Or App at 697.

Similarly, Winegar was not looking for defendant's property when he opened the package, because he thought that it was addressed to the park. As the trial court found, the writing on the box directing the package to defendant was not in a place where one would ordinarily look. The court also found that Winegar did not notice the writing until after he had opened the box. No search occurred.

Affirmed.