Argued and submitted July 10, 1992, resubmitted In Banc March 10; affirmed
March 17, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID WILLIAM AGNES,
*Appellant.*

## (C9101-30097; CA A71029)

848 P2d 1237

Mark John Holady, Wilsonville, argued the cause for appellant. On the brief was Martin W. Van Zeipel, Portland.

Harrison L. Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

De MUNIZ, J.

Warren, J., dissenting.

## De MUNIZ, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4). He contends that the court erred by denying his motion to suppress evidence seized after a warrantless entry into his apartment. We affirm.

Defendant lives in a duplex. Early one morning, his neighbor heard people in defendant's apartment fighting. He heard "banging, yelling and screaming." He called defendant on the telephone and asked him to be quiet. Defendant cursed and hung up. The fighting continued, so the neighbor called the police. When Officers Silva and Ward arrived, the neighbor told them what he had heard.

Silva and Ward went to defendant's apartment. They could hear the people inside yelling. Ward knocked, and a male voice inside responded, "Go away." The officers heard a woman say, "Just leave me alone." The officers identified themselves, and said that they needed to find out if there had been an assault. They said that they could not leave until they found out what was going on. They continued knocking on the door for several minutes. They could hear the male voice yelling obscenities at them.

Finally, Mandish opened the door a few inches. She was wrapped in a quilt and her hair was in disarray. She said that she was fine, though she appeared to be frightened. The officers shined their flashlights through the opening. Silva could see that the furniture was in disarray and the television was "halfway falling off the counter." Defendant was lying on the couch and the cushions were displaced. Defendant appeared to be intoxicated.[1] The officers asked him if he was okay. He responded with profanity and told them to leave.

Silva and Ward pushed the door open and went in. Defendant told them to leave. Ward turned on the kitchen lights. When he did, Silva saw a piece of glass, a razor blade

---

[1] Silva testified that, "when [defendant said], 'Go away,' we could tell that he had been drinking." Silva did not explain what led him to conclude that defendant was intoxicated, but the absence of those details from his testimony does not render his conclusion unreasonable. *State v. Wright*, 315 Or 124, 843 P2d 436 (1992).

and a "line" of cocaine on the table.[2] The officers seized those items and arrested defendant.

The court denied defendant's motion to suppress, apparently on the ground that the officers had probable cause to arrest him and that exigent circumstances authorized their warrantless entry into his apartment.[3] Defendant contends that the court erred, because the officers did not have probable cause to arrest him and no exigency was present. He also contends that the items on table were not in plain view, because the officers did not see them until they turned on the lights.

We agree with defendant that Silva and Ward did not have probable cause to arrest him before they entered his apartment. From the facts available to them, Silva and Ward could not conclude that, *more likely than not,* defendant had assaulted Mandish. ORS 131.005(11).

■   The state argues that the warrantless entry was lawful under the emergency aid exception to the warrant requirement. *See State v. Bridewell,* 306 Or 231, 236-37, 759 P2d 1054 (1988). In *State v. Follett,* 115 Or App 672, 840 P2d 1298 (1992), we held that a warrantless entry does not violate Article I, section 9, or the Fourth Amendment, if:

"(1)   The police [have] reasonable grounds to believe that there is an emergency and an immediate need for their assistance for the protection of life.

"(2)   The emergency [is] a true emergency — the officer's good faith belief alone is insufficient.

"(3)   The search [is not] primarily motivated by an intent to arrest or to seize evidence.

"(4)   The officer [reasonably suspects] that the area or place to be searched is associated with the emergency and that, by making a warrantless entry, the officer will discover something that will alleviate the emergency." 115 Or App at 680. (Footnote omitted.)

---

[2] Defendant stipulated that the substance was cocaine.

[3] ORS 133.055(2) provides:

"[W]hen a peace office is at the scene of a domestic disturbance and has probable cause to believe that an assault has occurred between spouses, former spouses or adult persons related by blood or marriage or persons of opposite sex residing together or who formerly resided together, or to believe that one such person has placed the other in fear of imminent serious physical injury, the officer shall arrest and take into custody the alleged assailant or potential assailant."

Although Mandish had told the officers that she was okay, she appeared frightened. Defendant appeared intoxicated and acted belligerent. It appeared that "a violent disturbance was going on." Defendant refused to come to the door to speak with the officers. The officers reasonably believed that they could ensure the occupants' safety only by immediately going inside.

■ The first, third and fourth prongs of the test that we articulated in *State v. Follett, supra,* were easily satisfied. However, *Follett* requires more than a reasonable belief that an emergency exists. The "emergency" that the officers perceive must be a true emergency. 115 Or App at 680. The assessment of whether a true emergency existed and whether the warrantless entry was lawful must be made in the light of the circumstances that were present at the time the officers made the warrantless entry. *State v. Russell,* 118 Or App 652, 655, 848 P2d 657 (1993).

We conclude that the circumstances that Silva and Ward faced constituted a true emergency that created an "immediate need for their assistance for the protection of life." *State v. Follett, supra,* 115 Or App at 680. A violent altercation had occurred, and the potential for further violence had not dissipated. Silva and Ward were justified in entering without permission in order to ensure that the conflict was defused. Their entry was lawful.

■ After they went in, Ward turned on the lights. That action was part of the officers' legitimate effort to defuse the conflict. It did not constitute a search under Article I, section 9, or the Fourth Amendment. *State v. Faulkner,* 102 Or App 417, 794 P2d 821, *rev den* 310 Or 422 (1990); *State v. Evans,* 101 Or App 340, 343, 790 P2d 1177 (1990). Once the lights were on, the cocaine was in plain view and subject to seizure. The court correctly denied defendant's motion to suppress.

Affirmed.

**WARREN, J.,** dissenting.

I dissent for the reasons stated in my dissent in *State v. Russell,* 118 Or App 652, 848 P2d 657 (1993).

Durham, J., joins in this dissent.