Argued and submitted April 26, 2013, vacated and remanded April 30, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD DEAN DALESSIO,
*Defendant-Appellant.*

Josephine County Circuit Court
04CR0925; A147565

325 P3d 780

Susan Fair Drake, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

David B. Thompson, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

## DE MUNIZ, S. J.

Defendant appeals his convictions for attempted aggravated murder with a firearm, ORS 163.095; ORS 161.610, attempted murder with a firearm, ORS 163.115; ORS 161.610, and assault in the second degree with a firearm, ORS 163.175. Defendant assigns error to the admission into evidence of defendant's testimony from his earlier trial on the same charges, which had resulted in a conviction that was set aside on appeal. According to defendant, his testimony at that trial had been tainted by the state's introduction of unconstitutionally obtained pretrial statements and, therefore, should not have been admitted against him at his second trial. The question in this appeal is whether the rule established in *State v. Moore/Coen*, 349 Or 371, 245 P3d 101 (2010), *cert den*, ___ US ___, 131 S Ct 2461 (2011) (a defendant's trial testimony is assumed to be tainted by the erroneous admission of unconstitutionally obtained statements), is applicable when defendant did not move to exclude his pretrial statements at the first trial. We hold that the rule applies in this case, and, for the reasons that follow, we vacate and remand for further proceedings.

After receiving several reports that defendant was acting in a concerning manner and threatening to commit suicide, a number of law enforcement officers arrived at defendant's residence. Defendant opened his front door and rapidly fired four or five shotgun rounds in the direction of the officers. As the officers retreated, one of them was wounded by the gunfire. After defendant was taken into custody, he admitted that he had fired the shotgun, which he had intended to use to commit suicide, that he had been drinking, and that he had fired in the direction of the vehicles to prevent the officers from rushing his house. Defendant told the officers that he had not intended to hit anyone and did not realize that he had wounded an officer.

Defendant was first tried in 2006, and, at that time, the prosecution introduced defendant's pretrial statements as described above. Defendant did not move to suppress the statements and testified on his own behalf at trial. A jury found defendant guilty of attempted aggravated murder, attempted felony murder, and assault in the second degree

with a firearm. Defendant appealed, and we concluded that the trial court had erred in failing to remove a juror for actual bias. *State v. Dalessio*, 228 Or App 531, 540, 208 P3d 1021 (2009). Accordingly, we reversed defendant's convictions and remanded the case for a new trial.

Before his second trial, defendant filed a motion to suppress his pretrial statements and to exclude his testimony from the first trial. The state conceded that defendant's pretrial statements were unconstitutionally obtained and therefore not admissible at the second trial; nevertheless, the state contended that defendant's testimony from the first trial was admissible in the second trial. The trial court ordered defendant's pretrial statements suppressed, but concluded that defendant's testimony at the first trial was admissible at the second trial. At the second trial, the state introduced defendant's testimony from the first trial. Defendant did not testify in the second trial. A jury again convicted defendant of the crimes charged, and defendant appealed.

On appeal, defendant argues that the trial court erred by admitting defendant's testimony from the first trial, because that trial testimony was tainted as a result of the admitted, unconstitutionally obtained pretrial statements and, under the rule established in *Moore/Coen*, should have been excluded from the second trial. The state responds that, because defendant failed to move to suppress the statements before his first trial, the pretrial statements were not "erroneously admitted"; therefore, the state contends, the rule established in *Moore/Coen* does not require the exclusion of defendant's trial testimony.

In *Moore/Coen* the Supreme Court stated:

> "Given the difficulty of 'unravelling' all the factors that may have contributed to a defendant's decision to testify at trial—and because the state has gained an advantage over a defendant at trial when it unconstitutionally obtains the defendant's statements and then introduces them into evidence—we conclude that it is more appropriate to assume that a defendant's trial testimony is *tainted* by the erroneously admitted pretrial statements. Therefore, a defendant's trial testimony must be excluded on retrial or

from harmless error review by an appellate court unless the court can determine from the record before it that a defendant's trial testimony did not refute, explain, or qualify the erroneously admitted pretrial statements. The standard we have identified using the terms, *refute, explain,* or *qualify* is intended to be applied objectively, taking into account the substantive content of such testimony under the totality of the circumstances of the case."

349 Or at 385 (emphasis in original; footnote omitted).

Whether *Moore/Coen* applies in this particular situation depends on whether the pretrial statements were "erroneously admitted." Before defendant's second trial, the prosecutor conceded that defendant's pretrial statements were unconstitutionally obtained and not admissible at defendant's second trial. Nevertheless, as noted, the state contends that defendant's failure before the first trial to move to suppress defendant's pretrial statements necessarily means that those statements were not "erroneously admitted" in defendant's first trial. We disagree. Defendant's failure to seek suppression of his pretrial statements does not erase the fact that the statements were obtained unconstitutionally, which the prosecutor conceded, and therefore should not have been admitted. Given that circumstance, defendant's failure to seek suppression of the pretrial statements does not preclude application of the rule announced in *Moore/Coen*—that is, assuming that defendant's trial testimony *is* tainted by the admission of the unconstitutionally obtained pretrial statements, it must be excluded unless the court determines that it did not refute, explain, or qualify the pretrial statements. *Id.*

The trial court, however, did not have the benefit of the Supreme Court's reasoning in *Moore/Coen*, which was decided approximately one month after the trial court ruled on defendant's suppression motion. Instead, the trial court analyzed the issues raised by defendant's motion to exclude his trial testimony under the Supreme Court's decision in *State v. McGinnis*, 335 Or 243, 64 P3d 1123 (2003). Applying *McGinnis*, the trial court denied defendant's motion, concluding that defendant's pretrial statements were voluntary, not compelled, and therefore the admission of defendant's pretrial statements did not vitiate the voluntariness

of defendant's subsequent decision to testify at his first trial. The Supreme Court, however, in adopting a much different rule in *Moore/Coen*, observed that the defendant's pretrial statements at issue in *McGinnis*, though voluntary, were obtained and erroneously admitted in violation of a statute, not the Oregon Constitution. *Moore/Coen*, 349 Or at 384. Thus, *McGinnis* did not require the trial court to begin its analysis with the assumption that defendant's trial testimony was tainted by the erroneous admission of the unconstitutionally obtained pretrial statements. In other words, the trial court did not have the benefit of, and therefore did not apply, the correct legal rule established in *Moore/Coen* in resolving defendant's motion to exclude his testimony from the first trial.

Because the trial court made no factual findings and did not have the benefit of the Supreme Court's reasoning in *Moore/Coen*, we could only speculate as to how the trial court viewed the pretrial hearing record, or whether contained in the court's various statements during the pretrial hearing is reasoning consistent with the rule established in *Moore/Coen*.[1] We therefore remand to the trial court with instructions to reconsider its pretrial ruling, consistent with this opinion and the rule established in *Moore/Coen*. Should the trial court conclude that defendant's trial testimony should not have been admitted into evidence, the trial court shall enter an order granting defendant a new trial. In the event the trial court concludes that defendant's trial testimony was properly admitted, it shall reenter the judgment of conviction.

Vacated and remanded.

---

[1] Defendant testified at the pretrial hearing that he told his lawyer before his first trial to file a motion to suppress his pretrial statements, however, the lawyer did not do so. According to defendant, as the trial got underway, he had still not decided whether he would testify; however, when the prosecutor introduced defendant's pretrial statements defendant concluded that he had no choice but to testify. The prosecutor countered defendant's pretrial hearing testimony by introducing portions of the transcript from defendant's first trial, including defendant's lawyer's opening statement telling the jury that defendant would testify on his own behalf.