506 December 4, 2024 No. 868

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ETHAN CHASE GARRETT,
*Defendant-Appellant.*

Washington County Circuit Court
C150773CR; A178463

Erik M. Bucher, Judge.

Argued and submitted October 6, 2023.

Bear Wilner-Nugent argued the cause and filed the briefs for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

In 2015, a jury found defendant guilty of unlawful use of a weapon, ORS 166.220, unlawful use of a weapon with a firearm, ORS 161.610, and menacing, ORS 163.190, and we affirmed those convictions on appeal. *State v. Garrett*, 290 Or App 172, 412 P3d 1252 (2018). In 2020, the post-conviction court vacated defendant's judgment of conviction and ordered a new trial on the grounds that his trial counsel provided ineffective assistance in violation of his right to counsel under the Oregon and United States constitutions. On remand, defendant entered a conditional guilty plea to an amended charge of menacing constituting domestic violence, and he reserved his right to challenge on appeal the trial court's denial of his motion *in limine* to exclude inculpatory statements he had made to a Washington County probation officer during a presentence investigation (PSI) after his first trial.

We conclude that defendant has established a minimal factual nexus between a violation of his constitutional rights (the ineffective assistance of his original trial counsel) and his statements to the PSI investigator. Although the state argued below that defendant's statements were attenuated from any constitutional violation, the trial court did not rule on that issue because it concluded that the statements were not a product of the violation of his right to counsel. We therefore reverse and remand for the trial court to reconsider its ruling and to address the state's attenuation argument in the first instance, should defendant choose to withdraw his guilty plea and further litigate his motion.

## FACTS

The post-conviction court found that defendant's original trial counsel had provided ineffective assistance on several grounds—failure to investigate, failure to object to inadmissible hearsay testimony, failure to call a specific defense witness, failure to perform constitutionally adequate closing statements, failure to move for a mistrial after the state's midtrial request for a recess to test firearms evidence, and failure to prepare a sentencing argument for earned time credits. Defendant did not claim ineffective

assistance specifically as to the PSI investigation or report, and the post-conviction court found that defendant had not proved several claims involving sentencing. As noted, that court vacated defendant's judgment of conviction and remanded for a new trial.

On remand, defendant moved to exclude the testimony of Bob Severe, the Washington County probation officer who conducted defendant's PSI, about any statements defendant made in the course of the PSI or in the PSI report. Defendant argued that he "would never have had to undergo a [PSI] if he had not been convicted" and that excluding his statements was "necessary to effect the judgment of the post-conviction court vindicating defendant's rights under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

After Severe testified at a pretrial hearing about his usual protocol for conducting in-custody PSI interviews at the jail, the state argued that defendant's statements should be admitted because "the [post-conviction] court made specific findings regarding [original trial counsel's] competency, and it did not include a finding that he was incompetent in regards to [] defendant making this voluntary statement to Bob Severe during this PSI investigation." The state further argued that the statements should be "admissible in his retrial because the statements were knowingly and voluntarily made."

Defendant remonstrated that "the gravamen" of his argument was that "Oregon courts formulate the remedy for constitutional violations in criminal cases as putting the defendant back in the state of affairs he would have been if the violation had not happened," that "the issue is simply that it was a trial process that was infected by inadequate assistance," and that the post-conviction court "did find as a matter of fact and a conclusion of law that that's why he was convicted."

In response, the state argued that "[i]t's not a but-for analysis," that defendant's PSI statements "are attenuated from any ineffective counsel" by his original trial

counsel, and that defendant "made the decision, voluntarily and knowingly, to provide statements to Mr. Severe about his account of this shooting incident, and because he made that choice, he lives with the consequences that those statements could later be used against him."

The trial court denied defendant's motion. The court concluded that defendant had not claimed that his original trial counsel was ineffective with regard to the PSI, so "[t]hat was never an issue for the [post-conviction] court," and that it was not persuaded that defendant's original trial counsel "was constitutionally inadequate in his client participating in the PSI investigation interview" with Severe because "it could have been a trial strategy" to persuade Severe to recommend a non-prison sentence.[1] The court then ruled that, "as long as [the statements are] voluntary and intelligently and knowingly made, they come in" and that the state had established that defendant voluntarily and knowingly engaged in the PSI interview with Severe. As noted, defendant entered a conditional guilty plea, reserving his right to challenge the court's ruling.

On appeal, defendant renews his argument that his statements to Severe were tainted by the constitutional violation resulting from his original trial counsel's representation. He argues that "[t]he post-conviction court necessarily concluded that [the constitutional violation] had a tendency to affect the result of defendant's original trial" and that, "[w]ithout that trial outcome, there would have been no presentence investigation and no statements." It follows, defendant argues, that the appropriate remedy is to put him "back into the place where [he was] prior to the constitutional violation."

## ANALYSIS

We begin with the basic principles underlying post-conviction relief for a violation of the right to effective assistance of counsel under Article I, section 11.[2] "Post-conviction

---

[1] We note that defendant was subject to a minimum term of imprisonment under ORS 161.610.

[2] Although it is undisputed that defendant also obtained post-conviction relief for violation of his Sixth Amendment right to counsel, we do not address that provision because the state constitutional claim is sufficient to resolve this case. *See State v. Lowell*, 275 Or App 365, 382, 364 P3d (2015) (explaining that the

relief is warranted when there has been a 'substantial denial' of 'rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.'" *Lichau v. Baldwin*, 333 Or 350, 358, 39 P3d 851 (2002) (quoting ORS 138.530(1)(a)). A defendant's right to counsel under Article I, section 11, "is not just to a lawyer in name only, but to a lawyer who provides adequate assistance." *Montez v. Czerniak*, 355 Or 1, 6, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (internal quotation marks and citation omitted). A petitioner is entitled to post-conviction relief when they prove a violation of the Article I, section 11, right to counsel "by showing that counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Jackson v. Franke*, 369 Or 422, 426, 507 P3d 222 (2022) (internal quotation marks and citation omitted).

There is no dispute in this case that the post-conviction court found that defendant's Article I, section 11, right to counsel was violated in his original trial and that it granted relief by vacating defendant's judgment of conviction and ordering a new trial. The post-conviction court's judgment granted defendant relief on multiple grounds of original trial counsel's ineffective assistance, meaning that each instance of ineffective assistance constituted "[a] substantial denial in the proceedings resulting in [his] conviction, *** of [his] rights *** under the Constitution of the State of Oregon, *** and which denial rendered the conviction void."[3] ORS 138.530(1)(a).

The dispute in this case concerns the scope of such post-conviction relief, specifically, its effect on the admissibility of evidence on retrial. The parties have pointed to no controlling authority on that question, and we are aware of none. In the absence of any directly controlling authority, we look to analogous cases addressing the applicable analytical framework and remedy for an Article I, section 11, violation.

---

"first things first" doctrine ordinarily directs us to resolve state constitutional law claims before reaching federal law claims).

[3] The post-conviction court denied defendant's claim of cumulative error on the grounds that "Oregon courts do not recognize the cumulative error doctrine."

Recently, the Oregon Supreme Court addressed the remedy for an Article I, section 11, violation that involved the outright denial of the defendant's right to counsel during a critical stage of a criminal proceeding. In *State v. Craigen*, 370 Or 696, 524 P3d 85 (2023), the defendant's Article I, section 11, right to counsel was violated when police questioned him about charges on which he was represented by counsel, but without counsel present. Addressing the remedy for that violation, the court explained that, "[u]nder Oregon constitutional law, when the state violates an individual's constitutional right, the state cannot use evidence obtained as a result of that violation." *Id.* at 711 (citing *State v. Jones*, 248 Or 428, 431, 435 P2d 317 (1967)); *see also State v. Prieto-Rubio*, 359 Or 16, 38, 376 P3d 255 (2016) ("The remedy for a violation of Article I, section 11, is the exclusion of any prejudicial evidence obtained as a result of that violation.").

The court explained that if the state "violate[s] a defendant's state constitutional rights and the defendant establishes a minimal factual nexus between the violation and the subsequent discovery of evidence, the evidence must be suppressed unless the state shows that the evidence did not result from that violation." *Craigen*, 370 Or at 712 (citing *State v. Thompson*, 370 Or 273, 289, 518 P3d 923 (2022)). "The state can do so by showing one of three things: that the evidence was discovered through an independent source, that the evidence would have been inevitably discovered, or that the discovery of the evidence was so attenuated from the violation as to dissipate the taint of the unlawful conduct." *Id.*

We see no reason why that general framework for remedying an Article I, section 11, violation should not apply here, where the Article I, section 11, violation was the denial of defendant's right to effective assistance of counsel. The post-conviction court's judgment granting relief for that violation necessarily implied a legal conclusion that the violation "rendered the conviction void." ORS 138.530(1)(a). Thus, defendant's conviction itself was a product of the Article I, section 11, violation. And given that it is undisputed that the PSI would not have occurred but for defendant's conviction, we readily conclude that defendant has established

a minimal factual nexus between the Article I, section 11, violation and his statements to Severe. It follows that defendant's PSI statements must be excluded unless the state establishes one of the exceptions to Oregon's exclusionary rule.

In urging a different result, the state argues that the post-conviction court's judgment "does not provide lawful basis to exclude defendant's statements" for two reasons. First, the state argues that, because defendant did not claim that his original trial counsel was ineffective specifically as to advising his participation in the PSI, the post-conviction court did not find that that aspect of his original trial counsel's representation constituted a violation of his Article I, section 11, right to counsel. We reject that argument as inconsistent with the framework set forth above. Although we agree that the post-conviction court did not make any finding of fact or conclusion of law with regard to original trial counsel's effectiveness in advising defendant to participate in the PSI, that is not the only path for defendant to establish a minimal factual nexus between the violation of his right to counsel and his statements to Severe. In any event, had defendant raised and established such a claim, it is not clear that he would have been entitled to more than resentencing as relief for that claim. *See* ORS 138.520 (post-conviction relief includes "release, new trial, modification of sentence, and such other relief as may be proper and just"); *Hinton v. Hill*, 342 Or 222, 231, 149 P3d 1205 (2006) (a post-conviction court "has broad authority to fashion a remedy *to correct the actual prejudice* suffered by a criminal defendant" (emphasis added)).

Second, the state argues that the post-conviction court's judgment does not order the exclusion of the statements on retrial. Under the framework set forth above, it is sufficient if the defendant establishes a minimal factual nexus between the constitutional violation and the evidence sought to be excluded. Another problem with the state's argument is that we have held that such an issue is not one for the post-conviction court but for the trial court on remand. *Oatney v. Kelly*, 288 Or App 550, 552, 407 P3d 958 (2017), *rev den*, 362 Or 508 (2018) (the post-conviction court did not err in failing

to include in the judgment provisions excluding certain evidence on retrial because the post-conviction judgment "would not, and could not, have included a provision on the admissibility of evidence on retrial"); *see also id.* ("Simply put, the admissibility of evidence on retrial of the charges against petitioner was not, and could not have been, a subject of post-conviction relief."); *but see* ORS 138.520 ("The relief which a court may grant or order under ORS 138.510 to 138.680 shall include release, new trial, modification of sentence, and such other relief as may be proper and just. *The court may also make supplementary orders to the relief granted, concerning such matters as* rearrangement, *retrial*, custody and release on security." (Footnote omitted; emphases added.)).

Finally, the state advances several arguments that we understand to rebut the presumption that defendant's statements are tainted by the violation of his Article I, section 11, right to effective assistance of counsel. The state raised an attenuation argument below, but the trial court did not reach it after concluding that defendant's statements were not a product of the constitutional violation in his first trial. Although defendant contends that "[t]he state will never be able to carry its burden to prove attenuation of that taint[,]" we express no opinion on that issue and instead leave it to the trial court to address in the first instance on remand, should defendant choose to withdraw his guilty plea and further litigate his motion.[4]

Because defendant appeals from a judgment convicting him after a conditional guilty plea, we reverse and remand without determining whether the error was harmless. *State v. Lowell*, 275 Or App 365, 383, 364 P3d 34 (2015). On remand, defendant may withdraw his plea. ORS 135.335(3).

Reversed and remanded.

---

[4] Defendant alternatively argues that we should apply the rule set forth in *State v. Moore/Coen*, 349 Or 371, 245 P3d 101 (2010), *cert den*, 563 US 996 (2011), and *State v. Dalessio*, 262 Or App 577, 325 P3d 780 (2014), in which a defendant's original trial testimony is presumed tainted on retrial after a direct appeal determines that the defendant's pretrial statements were unlawfully obtained and should have been suppressed. The state disputes the applicability of those cases in this procedural posture. Because we have resolved this case on other grounds, we do not reach those arguments.